Lipscomb, J.
This is an appeal from the district court for the county of Houston.
A preliminary question arises on a motion to dismiss the appeal. The appellee has assigned several grounds in support of his motion. It will be necessary for us to notice but one. It is objected that the appeal bond is not in accordance with the statute regulating the manner in which appeals from the judgment of a district cou/rt shall is talcen. Acts of the 1st session of the Legislature of Texas, p. 399, sec. 136. The section referred to is in the following words: “Any party taking an appeal shall, within twenty days .after the term of the court at which the decree or judgment of the court was rendered, enter into bonds with two or more sureties to be approved by the clerk of the court, in double the amount of the debt or damages, or the value of the slaves or other' personal property adjudged, conditioned for the prosecution of the appeal with effect, and performing the judgment, sentence or decree of the supreme cou/rt, in case the decision of said cowrt shall he against the said defendant.
The non-conformity of the appeal bond in the case under consider- *(70) atiou is supposed to be in the conditional part of it. It is in the following words: '“Now, .if the said ¥m. E. Long and John E. Doss shall well and truly prosecute their said appeal to effect, and pay all such costs and damages as shall Toe adjudged against them m said supreme court, then the above obligation is null and void, otherwise to remain in full force and effect.” The discrepancy between the bond required by the statute and the one in this record is this: The first binds the party not only to prosecute his appeal to effect, but also that he shall perform the judgment, sentence or decree of the supreme court, in case the decision of the supreme court shall be against the appellant. The second only binds them to prosecute the appeal to effect, a/nd to pay all such costs and damages as shall be adjudged against them in sand supreme court. The difference is clear and manifest, and does not afford that security to the rights of the appellee, intended to be given him by the law. The supreme court can only give damages of ten per cent., in case it should be the opinion of the court that the appeal had been taken for delay; and this, with the cost, is all that could be given on the appellant’s bond, for this is the full extent of their undertaking. Whereas, the law intended to bind them to the performance of the judgment of this court should it be affirmed; and this judgment would include not only cost and damages in this court, but the judgment of the court below. In the 138th section of the act cited above, there is a provision that in case the appellant is not able to give the bond required by the section first referred to, he may, nevertheless, appeal by giving security for no more than the costs and damages of the appeal; and the appeal in such case would not operate as a supersedeas. It might, perhaps, be contended that the bond before us would be good under the last mentioned section. But then it should show on its face what it was designed for. It should show that it was so taken in consequence of the inability of the party to give the security required by section 136, and the penalty should correspond in some reasonable degree, with the probable amount of costs and damages intended to be secured." This is not shown in the bond before us, and the penalty stipulated shows clearly that it was made with a view that the privilege of a supersedeas should result from it. We are then of the opinion that the appeal must be dismissed. It is therefore considered that because the appeal bond is not sufficient under the law, that the appeal be dismissed, and that the appellee recover his costs.