## S. M. BUCHANAN v. W. D. TOWNSEND.

### No. 7006.

Verdict—Certainty—Mathematical Calculation.—In an injunction suit restraining the sale of a flock of sheep under a deed of trust to secure the payment of a promissory note, the defendant set out the note in his answer and asked judgment for the amount due at the rate of interest stipulated, also for an attorney fee of 10 per cent upon such amount therein stipulated. The verdict was as follows: "We the jury find for the defendant the sum of $445, with interest on same from May 1, 1886, at the rate of 12 per cent, and attorney fees. We the jury further find the payment of the same secured by a lien and deed of trust on aforedescribed sheep." *Held:*

1. The verdict authorized the computation of interest upon the recover from the date specified.

2. As there was no controversy as to the per cent of the amount stipulated for the attorney fees, such per cent was properly given in the judgment.

APPEAL from Jack. Tried below before Hon. George A. McCall.

The facts sufficiently appear in the opinion.

*Nicholson & Nicholson*, for appellant.—The court erred in rendering judgment for attorney fees. The jury in their verdict found for attorney fees without specifying any amount. Kuhlman v. Medlinka, 29 Texas, 385; Bledsoe v. Wills, 22 Texas, 650; Spiva v. Williams, 20 Texas, 442; Stafford v. King, 30 Texas, 257.

*Stark & Stark* and *W. E. Taylor*, for appellee.—The court will look to the pleadings in the cause if by doing so it can render the verdict of the jury certain. Moke v. Fullman, 17 Texas, 367; Parker v. Leman, 10 Texas, 116; Newcomb v. Walton, 41 Texas, 318; Griffin v.

Chadwick, 44 Texas, 406; Fisk v. Holden, 17 Texas, 414; Loggins v. Buck, 33 Texas, 113; Pearce v. Bell, 21 Texas, 688.

HENRY, ASSOCIATE JUSTICE.—This suit was brought by appellant to enjoin the sale of certain property under a deed of trust given by him to secure a promissory note. executed by him to the appellee.

The defendant in his answer sought a judgment upon the note and also for another sum of $75, evidenced by an accepted order given by the plaintiff to the defendant.

The note was copied in the answer. It was dated on the 1st day of April, 1885, and was made payable on the 1st day of May, 1886, for the sum of $470, with interest after maturity at the rate of 12 per cent per annum, and contained a stipulation that "in case of legal proceedings on this note I agree to pay 10 per cent on the amount for attorney fees."

The jury before whom the cause was tried returned the following verdict:

"We the jury find for the defendant the sum of $445, with interest on same from May 1, 1886, at the rate of 12 per cent, and attorney fees. We the jury further find the payment of same secured by a lien and deed of trust on aforesaid described sheep.

[Signed]  .  "H. T. GARNER, Foreman.

"We the jury further find for defendant on accepted order $75.

[Signed]  "H. T. GARNER, Foreman."

Upon this finding a judgment was entered in favor of the defendant for $445, with interest thereon from the 1st day of May, 1886, at the rate of 12 per cent per annum, "and the further sum of 10 per cent on said amount as attorney fees," with a foreclosure of the lien of the deed of trust for so much of the judgment, and for the further sum of $75 without lien.

Appellant complains of the judgment for attorney fees, and contends that it was unwarranted because the verdict did not in any manner specify what amount was found therefor and was therefore void for uncertainty.

The verdict left both the interest and the amount of the attorney fees to be ascertained by mathematical calculations. The amount of the note and the rate of interest and period for which it was to be calculated were shown by the verdict, and the amount of the judgment to be entered upon it was capable of exact ascertainment. The amount of attorney fees was equally certain and as easily calculated.

In the case of Doss v. Griswold, 1 Texas, 99, this question was before this court. It was then said:

"Another objection is that the jury found by their verdict the amount of the principal and interest at a certain rate from a fixed time,

when the principal and interest should both have been found in the aggregate. The rule is believed to be well settled that if the verdict is sufficiently certain to be rendered certain it is good. The jury by finding the rate of interest, the amount upon which it is to be calculated, and the date from which it is to run, leaves nothing uncertain as to the judgment which should be rendered on their verdict."

The same doctrine has been repeated in many subsequent cases. Griffin v. Chadwick, 44 Texas, 406.

The verdict found an attorney fee; there was no controversy about the amount. If the defendant stated a cause of action on that issue it was for 10 per cent of the amount of the recovery upon the note. The judgment rendered was for that amount upon a finding by the jury of the issue in defendant's favor.

The judgment is affirmed.

*Affirmed.*

Delivered April 17, 1891.