ALAMO FIRE INSURANCE COMPANY V. JOHN SCHMITT ET AL.

No. 1274.

1. **Joinder of Parties Plaintiff.**—Schmitt had a fire insurance policy, and transferred it to Weiderholt, the proceeds to be applied first to payment of certain notes upon which suit had been instituted, and the remainder to be applied upon a debt owing to Weiderholt. The property having been destroyed by fire, suit was brought on the policy, and both Schmitt and Weiderholt were properly joined as plaintiffs. The owner of the notes secured was not a necessary party.

2. **Notice of Incumbrance—Practice.**—Schmitt owned a lot incumbered by vendor's lien notes. He erected improvements upon the lot and insured the improvements and furniture therein. It seems that the incumbrance upon the lot was not such as the policy required to be communicated to the insurance company, on forfeiture of the policy. The testimony, however, showed that notice had been given, and the court could have assumed it as a fact, or ignored it, as was done in the charge.

3. **Recovery by Trustee.**—The original holder of the policy and the trustee to whom he assigned for defined purpose both being plaintiffs, it was of no consequence to the insurance company by whom the recovery was had. The judgment would conclude the rights of both plaintiffs as to each other and the defendant.

4. **Verdict—Judgment.**—The court instructed the jury, upon finding certain facts, to find for the assignee of Schmitt, the original holder of the policy. The jury returned a verdict in favor of the trustee, or assignee. The court in its judgment directed that the recovery be applied as stipulated in the transfer to the holder. *Held,* no error, as the rights of all parties were declared, and the entire litigation concluded.

5. **Error in Computing Interest.**—An error appearing in the computation of interest by the jury, such error is corrected in this court. See example.

APPEAL from Travis. Tried below before Hon. JAMES H. ROBERTSON.

*McLeary & Stayton,* for appellant.—1. The petition filed in this cause showing upon its face that George Weiderholt was vested with absolute and unconditional title and right to any loss that might be recovered under the policy sued upon, and that his coplaintiff had no interest whatever therein, and the petition having been specially excepted to upon the ground of a misjoinder of parties, the court should have sustained such exception, and erred in not doing so. Stachely v. Peirce, 28 Texas, 329; Birmingham v. Griffin, 42 Texas, 147; 2 Ct. App. C. C., sec. 175; Johnson v. Davis, 7 Texas, 173.

2. Plaintiffs having declared upon a policy which covered real as well as personal property, and seeking to recover for a loss of both real and personal property, and the defendant having pleaded a condition in said policy rendering the same void in its entirety, it was error for the court to limit the condition as affecting only the insurance on realty. Such a construction was contrary to the clear letter of the policy, and was calculated to confuse the minds of the jurors as to the effect of the breach of such condition on the claims of plaintiffs, and was not true to the issues made by the pleadings. Love v. Wyatt,

19 Texas, 312; Dodd v. Arnold, 28 Texas, 97; Loring v. Dixon, 56 Texas, 75.

3. The verdict of the jury having failed to find as to both the plaintiffs, is bad; the object and purpose of a verdict being to dispose of every issue raised, and to find as to the rights of all parties litigant. Stafford v. King, 30 Texas, 276.

4. This suit having been instituted by Weiderholt and Schmitt jointly, and their pleadings showing an interest in each in the recovery, the verdict in favor of one only is bad, and a judgment entered in favor of one and silent as to the other, not in this respect conforming to the pleadings, is bad. Sayles' Civ. Stats., art. 1335, and notes 1–3.

*M. C. Granberry,* for appellees.—1. The court did not err in permitting both plaintiffs to remain parties to the suit, as interest in the property appeared to be either directly or indirectly in both of said plaintiffs, and so long as such interest appeared either by allegation or evidence both were entitled to sue jointly. Craddock v. Goodwin, 54 Texas, 582; Johnson v. Davis, 7 Texas, 114; Emmons v. Oldham, 12 Texas, 26; Andrus v. Petters, 36 Texas, 109, 110; Birdwell v. Butler, 13 Texas, 340; Stakely v. Pierce, 38 Texas, 335; Cleg v. Varnell, 18 Texas 294.

2. The court charged correctly in its fifth charge, that a failure on the part of plaintiff Schmitt to inform the agent of the company, at the time of the procuring of the policy, of the incumbrance upon the insured property, would render the policy void only as to the insurance upon the house, when the terms of the policy made such a fact avoid the policy for all purposes.

COLLARD, ASSOCIATE JUSTICE.—This suit was brought by appellees, John Schmitt and George Weiderholt, against appellant, the Alamo Fire Insurance Company, on a policy of insurance (number 217,932) issued by appellant to Schmitt on a dwelling house, piano, and household goods, alleging the destruction of the property while the policy was in force. The original policy, of date March 10, 1893, is alleged to have insured the house and other property at an amount not to exceed $850, and that for an additional consideration defendant company increased the amount of insurance $100 on the dwelling and $100 on the piano. The policy expired March 10, 1894, at noon. The fire occurred September 9, 1893. Plaintiffs claimed loss on the house $400, on the piano $250, and on the household and kitchen furniture $275. The defendant filed demurrers, exceptions, and answer.

The court overruled all demurrers and exceptions of defendant and submitted the case to the jury, who returned the following verdict:

"We the jury find for the plaintiff as follows: On house, $375; on piano, $250; on household goods, $275; interest, five months and fifteen days, $35.86; total, $935.86. E. J. Byrne, Foreman."

Judgment was rendered against defendant for the amount of the verdict.

Defendant has appealed, and assigns as error the overruling of its second special exception to plaintiffs' petition, which was, that the petition showed that the policy was owned by George Weiderholt, and therefore there was a misjoinder of parties plaintiff.

*Opinion.*—The petition alleged, that on the 11th day of October, 1893, John Schmitt, the owner of the policy, made to Weiderholt the following transfer of the same:

"THE STATE OF TEXAS, }
  "County of Travis.     }

"Know all men by these presents, that I, John Schmitt, of the county and State aforesaid, do for a valuable consideration, and by these presents, hereby sell, convey, and all the interests I have or may have in the policy of insurance number 217,932 in my favor, now held and carried by me in the Alamo Insurance Company of San Antonio, Texas, to George Weiderholt, to be by him used for the following purposes, to wit:

"1. The amount due me to be first used to pay the full amount of the notes, with the interest due on the same, which are now held by Mrs. Pauline Simpson, and upon which said notes suit has been brought to enforce their collection.

"2. After these said notes are fully paid off, the balance is to be applied to the payment of the debt due the said George Weiderholt.

"JOHN SCHMITT."

The petition then avers, that "in view of the aforesaid transfer, the said George Weiderholt joins in this suit," etc.

We do not think the court erred in permitting Schmitt to join in the suit. He was interested in the subject matter—the collection of the money to be enforced by the judgment sought. Weiderholt, by the terms of the instrument, was only a trustee of Schmitt to collect the money and apply it for the benefit of Schmitt on the debt due Mrs. Simpson. Schmitt was still the owner of the claim to the extent of the debt due Mrs. Simpson. Weiderholt's interest outside of his own debt was limited to collection for certain purposes named. For these purposes he was only the agent of Schmitt, and not the real party in interest—not the real owner. He was not the owner of the policy. Schmitt was interested in the collection and application of the money to the payment of his acknowledged debt. Legg v. McNeill, 2 Texas, 429; Teas v. McDonald, 13 Texas, 350; Wimbish v. Holt, 26 Texas, 675; Texas L. & C. Co. v. Carroll & Iler, 63 Texas, 49; Ins. Co. v. Allison, Bailey & Co., 87 Texas, 593. Weiderholt was a proper and necessary party to the suit, as he was both a trustee and a beneficiary under the instrument set up. Ebell v. Bursinger, 70 Texas, 120.

No objection was made by defendant that Mrs. Simpson was not made a party defendant by exception or plea, nor is there any such objection made on this appeal. We are therefore not required to notice the question. May v. Slade, 24 Texas, 205; Railway v. Knapp, 51 Texas, 592; Davis v. Willis, 47 Texas, 155.

We do not think the court erred in the fifth paragraph of its charge in failing to instruct the jury that a failure on the part of Schmitt to inform the agent of defendant, at the time of procuring the policy, of the incumbrance upon the insured property, would render the policy void as to all the property. There was no incumbrance on the personal property insured, though there was upon the lot upon which the insured house stood—a vendor's lien evidenced by promissory notes, the same held by Mrs. Simpson. The clause in the policy rendering it void if incumbrances existed which were not communicated to defendant, could not be made to apply to any property other than such as was incumbered. The uncontradicted evidence showed that defendant's agent from whom the policy was obtained, and who represented defendant in the insurance of the property, was told by Schmitt at the time of the transaction of the incumbrance upon the lot. The court in such case—the testimony being undisputed—might have assumed the fact of notice to defendant of the existence of the incumbrance, or might have ignored the question entirely, as the evidence did not put it in issue.

The court instructed the jury, that the deed of assignment by Schmitt to Weiderholt conveyed and assigned all the interest of Schmitt in the policy, and that if they should find that the property was destroyed by fire under such circumstances as to entitle Schmitt to a recovery but for the transfer, then Weiderholt would be entitled to recover as the assignee of Schmitt. Appellant objects to this charge, because the intrument does not make Weiderholt an *assignee* of the policy, but a *trustee* for specific purposes, and did not convey the title to Weiderholt. We do not think defendant can complain of the alleged inaccuracy in the charge. It is a matter of no consequence to defendant which of the two plaintiffs recovers. Both are parties, and a judgment in favor of either of them would be a bar against both or either in another suit on the same policy against the company. The judgment of the court (the terms of which will be particularly noticed hereafter) passes upon the rights of the parties plaintiff and settles them forever, so that there can be no question hereafter as to their respective interests in the judgment against the defendant, or as to their rights against defendant. Cook v. Burnley, 45 Texas, 115; Teal v. Terrell, 48 Texas, 507; Oldham v. McIvor, 49 Texas, 572; Girardin v. Dean, 49 Texas, 243; Philipowski v. Spencer, 63 Texas, 608; Brown v. Renfro, 63 Texas, 602; Flippin v. Dixon, 83 Texas, 421.

It is insisted by appellant that the court erred in receiving the verdict, because it did not find as to all the parties; and that the court erred in entering judgment in the manner and form rendered, because

the judgment is not supported by and does not follow the verdict. Appellant presents both of the above assignments together.

The verdict is: "We the jury find for the plaintiff as follows: On house, $375; on piano, $250; on household goods, $275; interest, five months and fifteen days, $35.86; total, $935.86."

The judgment, after the usual recitals, and after showing what verdict was returned, proceeded: "It is therefore considered, ordered, adjudged, and decreed by the court, that the plaintiff George Weiderholt have and recover of and from the defendant, the Alamo Fire Insurance Company, said sum of ($935.86) nine hundred and thirty-five and 86-100 dollars, with interest thereon from this date at the rate of 6 per cent per annum, and all costs of this suit, for all which let execution issue; said sum when collected to be applied by said Weiderholt for the benefit of the plaintiff John Schmitt, as follows, to wit:

"1. To the payment and satisfaction of the full amount of the notes, with interest due on the same, which are now held by Mrs. Pauline Simpson, and upon which said notes suit has been brought to enforce the collection of the same.

"2. That after said notes are fully paid, the balance to be applied to the payment of the debt due the said plaintiff George Weiderholt by the plaintiff John Schmitt."

The position of appellant in argument is, that "the verdict, under the instructions of the court, is in favor of Weiderholt, and does not dispose of the case as to Schmitt, who is the real party in interest, and should have been set aside on the motion for a new trial. The judgment does not follow the verdict, in that it attempts to fix upon Weiderholt a trust, which is not considered by the jury, nor submitted to them by the court under its charge, though the issue was raised in the pleadings. There is nothing in the verdict of the jury authorizing the court to render a judgment creating such a trust, nor can the pleadings be relied upon to assist in explaining the verdict, for the reason that the court did not submit this phase of the case to the jury, and their verdict followed the instructions, and could not have been influenced by the pleadings. The appellant was entitled to such a judgment as would dispose of every issue and every party."

Where a verdict is responsive to the issues as submitted by the court, and, taken in connection with the charge and the proof, is sufficiently definite, it will be held good. Veck v. Holt, 71 Texas, 718. The judgment disposed of all the issues and the parties according to their rights as shown by the pleadings and proof. The recovery was against the defendant in favor of Weiderholt, who was charged with applying the fund collected to certain debts due by Schmidt according to the interest of Schmitt as alleged and proved, as shown by the instrument creating the trust to be executed by Weiderholt. It can not be said that Schmitt was not disposed of by the judgment. The verdict and judgment were informal, but, taken together, the intention is clear, and they leave no issue undecided of which defendant can com-

plain. The judgment will be a bar to any subsequent suit on the same claim by either or both plaintiffs. If plaintiffs are satisfied with the judgment, we can see no good reason why it should be set aside at the instance of defendant for informalities which can not affect its rights, or why a new trial should be had to correct such informalities.

Appellant next insists that the verdict was excessive, in that it awarded more interest than was demanded by the petition or allowed by the charge of the court. The policy by its terms made the sum for which it was liable payable sixty days after notice, ascertainment, estimate, and satisfactory proof of loss have been received by the company. The petition alleged that plaintiff Schmitt, on or about the 2nd day of October, 1893, "rendered to said defendant a statement of said loss and damage fully conforming in regard to same to all the conditions and requirements of said policy." According to this averment, which defendant insists in its brief is correct, the amount due on the policy would not begin to bear interest until December 1, 1893. The judgment was rendered April 25, 1894, making the claim bear interest four months and twenty-four days, at the rate of 6 per cent per annum. The amount found by the jury exclusive of interest was $900, and they estimated the interest at $35. The correct amount of interest is $21.60. The judgment can be corrected in this court. Griffin v. Chadwick, 44 Texas, 408; Buchanan v. Townsend, 80 Texas, 534. As to the item of interest, the judgment must be reversed and reformed; in other respects it will be affirmed.

It is ordered that the judgment of the lower court be reversed and reformed, adjudging to plaintiff Weiderholt against defendant the sum of $921.60, to bear interest at the rate of 6 per cent per annum from the date of the judgment of the court below, appellees to pay the costs of this appeal.

*Reformed and affirmed.*

Delivered May 1, 1895.