ÆTNA INS. CO. v. DANCER.    (No. 5469.)*

(Court of Civil Appeals of Texas. Austin. Dec. 1, 1915. Rehearing Denied Jan. 12, 1916.)

1. JUDGMENT ⬤⇒633—RES JUDICATA—WAIVER OF BAR.

A trial resulted in a verdict for defendant, and the term of court ended without any entry of judgment or any ruling upon the motion for a new trial. At a subsequent term the judgment was entered of record nunc pro tunc, and plaintiff's second motion for a new trial was granted, to which defendant excepted. Subsequently plaintiff filed its first amended original petition, and defendant its first amended original answer. Both parties announced ready, and the case was tried and judgment rendered on the findings for plaintiff. Held, that the question of jurisdiction was substantially the same as it would have been if plaintiff had brought another suit, and the defendant had

answered and proceeded with trial, without suggesting any question of jurisdiction, and without any plea or proof of res judicata, so that the court had jurisdiction to retry the case.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1149; Dec. Dig. ☞633.]

2. JUDGMENT ☞633 — MERGER AND BAR — WAIVER OF BAR.

In such case defendant, which had not below denied the jurisdiction of the trial court to pass on the plaintiff's second motion for a new trial and which had not in its amended answer, filed on the day when the case was called for retrial, suggested that the court was without jurisdiction to retry the case, but filed an answer to the cause of action set up in the petition, which was a cause within the trial court's jurisdiction, and which voluntarily consented to a trial upon such cause of action, was estopped from denying the trial court's jurisdiction to retry the case.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1149; Dec. Dig. ☞633.]

3. APPEAL AND ERROR ☞173 —. REVIEW — QUESTION PRESENTED BELOW.

In such case the question whether, in the absence of plea and proof of the former judgment, the defendant was entitled to a verdict and judgment because the trial court at a former term had rendered judgment for it, not presented in the court below during the trial, or in the motion for new trial, or in the assignment of error subsequently filed, would not be ruled upon.

[Ed. Note.—For other cases, see Appeal and Error. Cent. Dig. §§ 1079–1089, 1091–1093, 1095–1098, 1101–1120; Dec. Dig. ☞173.]

4. INSURANCE ☞336 — ADDITIONAL INSURANCE—DIVISIBILITY OF CONTRACT.

A contract of insurance upon a house in a certain amount and upon household furniture in another amount was divisible, so that the procurement of additional insurance upon the personal property did not affect the validity of the insurance upon the house.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 856–873; Dec. Dig. ☞336.]

5. INSURANCE ☞336—DIVISIBILITY OF CONTRACT—BREACH OF WARRANTY.

Under such policy a breach of warranty as to either the house or furniture would not affect the insurance on the remainder of the property.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 856–873; Dec. Dig. ☞336.]

Appeal from District Court, McLennan County; Tom L. McCullough, Judge.

Action by Ben F. Dancer against the Ætna Insurance Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Wm. Thompson, of Dallas, and Jno. S. Patterson, of Austin, for appellant. Gross & Street and W. L. Eason, all of Waco, for appellee.

KEY, C. J. On March 6, 1909, the Ætna Insurance Company issued to E. G. Keelin a policy, insuring him for three years in the sum of $1,500 on his house and $500 on household furniture while in the house. In 1911 Keelin sold the house and farm to P. E. Ferguson, and, with the consent of the insurance company, transferred to him the policy of insurance. Keelin moved his furniture out and Ferguson moved his in. Thereafter in August, 1911, Ferguson sold the farm and house to William A. Casseday, and, with the consent of the company, transferred to him the policy of insurance. Ferguson moved his furniture out of the house, and Casseday moved his in. On September 4, 1911, Casseday procured $1,000 insurance on his household goods from another company. On October 9, 1911, the house was totally, and the furniture partially, destroyed by fire. Casseday transferred the Ætna policy to Ben F. Dancer, who brought this suit against the Ætna Insurance Company to collect the $1,500 on the house, no claim being made for the $500 on the furniture.

The insurance company has brought up transcripts covering three terms of court, and showing that the case was first tried at the April term, 1913, at which trial, which occurred on June 23, 1913, the jury returned a verdict for the defendant. On June 25, 1913, the plaintiff filed a motion for a new trial. On July 5th that term of court ended without any judgment having been entered upon the minutes of the court, and without any ruling having been made upon the motion for new trial. At the July term, 1913, and on the 30th day of that month, upon motion of the defendant agreed to by the plaintiff, the judgment, which had formerly been rendered upon the verdict of the jury for the defendant, was entered of record nunc pro tunc, and on that day the plaintiff filed a second motion for new trial, and on October 3d amended that motion, which was acted upon by the court on October 4th and granted, and an order entered setting aside the verdict of the jury rendered at the former term and granting plaintiff a new trial, to which action the defendant excepted. The July term ended October 4, 1913. At the January term, 1914, and on the 10th day of that month, by leave of the court the plaintiff filed his first amended original petition, and two days thereafter, by leave of the court, the defendant filed its first amended original answer, whereupon the case was called for trial, and both parties announced ready. The court submitted the case to the jury upon special issues, and upon findings made rendered judgment for the plaintiff, and the defendant, who will hereafter be called appellant, has brought the case to this court by writ of error.

[1, 2] By its first assignment of error appellant presents the contention that the judgment appealed from is void and of no force, for the reason that the court below was without jurisdiction to try the case and render judgment, because of the fact that it had been previously tried at a former term and a verdict and judgment rendered for the defendant, which judgment was not set aside or vacated at that term of the court, and therefore became final and binding upon the plaintiff, and that the court below had no jurisdiction to vacate that judgment at a subsequent term, and to retry the case. While the solution of the question of the jurisdiction of

the court below to retry the case is not free from difficulty, we have reached the conclusion that, as presented by the record, it should be decided against appellant. In so far as the record shows, the question of jurisdiction was not even suggested in the trial court and is presented for the first time in this court. It may be conceded that counsel for appellant are correct in their contention that the court below had no power at a subsequent term to set aside the verdict and judgment rendered for appellant at the former term, although it had the power at the subsequent term to cause the judgment formerly rendered to be entered upon the minutes nunc pro tunc. And it may also be conceded that if, when the case was called for trial at a subsequent term, appellant had pleaded the former judgment as a bar to the right of recovery set up in plaintiff's amended original petition, or, perhaps, if appellant had objected to the retrial of the case upon the ground that the court was without jurisdiction, and had proceeded with the trial under protest, then it may be that the case should be reversed. But the record fails to show that appellant even denied the jurisdiction of the trial court to pass upon appellee's second motion for a new trial, and nowhere in appellant's amended answer, which was filed on the same day the case was called for trial, was it even suggested that the court was without jurisdiction to retry the case. The amended petition, upon which the case was tried, stated a cause of action that was within the jurisdiction of the trial court; and, without raising any question of jurisdiction, appellant filed an answer to the cause of action set up in appellee's petition, but did not even plead the former judgment as a bar to appellee's right to recover; and after filing that answer, and without questioning the jurisdiction of the court, appellant announced ready, proceeded with the trial, and did not even raise the question of jurisdiction in its motion for new trial; and, in order to present that question to this court it has brought up transcripts covering three terms of the court below. This being the condition of the record, we have reached the conclusion that the question of jurisdiction is substantially the same as it would have been if the plaintiff had brought another suit in the court below and the defendant had appeared, answered, and proceeded with the trial without suggesting any question of jurisdiction, and without any plea or proof of res adjudicata, in which event we think it should be held that the court was not without jurisdiction to try the case. The case at bar was tried upon a petition which, upon its face, disclosed a case within the jurisdiction of the trial court; and if, as shown by the record, the defendant voluntarily consented to a trial of the case upon the cause of action so disclosed, we think it is precluded from denying that the court had jurisdiction. As to

whether or not, in order to avail itself of the former verdict and judgment, it was necessary for appellant to plead and prove the existence of such former judgment, we deem it unnecessary to decide.

[3] Certainly it would have been necessary to have done so if the former judgment had been rendered by some other court; and whether or not, in the absence of such plea and proof, appellant was entitled to a verdict and judgment because of the fact that the trial court at a former term had rendered judgment for it is a question that was not presented in the court below, either during the trial or in the motion for a new trial or in the assignments of error subsequently filed, and therefore we do not rule upon it.

[4, 5] If it be true, as contended by appellant's counsel, seemingly well supported by authority, that the transfer of the policy made it a contract between appellant and Casseday, by which Casseday's household goods were insured for $500, nevertheless, inasmuch as the house and the personal property insured were different in kind and were insured as separate articles and for separate and specified amounts, following the rule established in this state, we hold that the procurement of additional insurance upon the personal property did not affect the validity of the insurance upon the house, which is all that appellee sued for in this case. In other words, a contract of this sort is held to be divisible, and it is also held that a breach of warranty or condition as to one kind or class of property will not affect the insurance on the remainder of the property. Insurance Co. v. Schmitt, 10 Tex. Civ. App. 550, 30 S. W. 834; Luckett v. Insurance Co., 12 Tex. Civ. App. 139, 34 S. W. 175; Roberts v. Insurance Co., 13 Tex. Civ. App. 64, 35 S. W. 957; Insurance Co. v. Brady, 41 S. W. 517; Insurance Co. v. Tufts, 20 Tex. Civ. App. 147, 50 S. W. 181; Insurance Co. v. Kellner, 169 S. W. 636; 2 Cooley's Briefs, 1896, 1900, 1901, 1904, 1914, 1916, 1925.

All the questions presented in appellant's brief have been duly considered, and our conclusion is that no reversible error has been shown, and therefore the judgment is affirmed.

Affirmed.