---

ÆTNA INS. CO. v. DANCER.　(No. 107–2953.)

(Commission of Appeals of Texas, Section A. Nov. 19, 1919.)

1. JUDGMENT ☞270—NECESSITY OF ENTRY TO MAKE JUDGMENT FINAL.

Where, upon the return of a verdict in favor of defendant in a civil action, the court entered upon its docket, "Judgment for the defendant on verdict of jury," but failed to enter the judgment on the minutes during the term, no ruling having been made on a motion for a new trial, the judgment was final.

2. JUDGMENT ☞342(2)—POWER TO SET JUDGMENT ASIDE AT SUBSEQUENT TERM.

Where a final judgment in a civil action has been rendered and has not been set aside during the term, the court has no power on motion for new trial to set it aside at a subsequent term.

3. JUDGMENT ☞948(1)—NECESSITY OF PLEADING FORMER JUDGMENT IN BAR ON SECOND TRIAL IN SAME ACTION.

Where a judgment on an insurance policy was rendered for defendant, but not entered

---

upon the minutes of the court during the term, and a new trial was awarded at a subsequent term, resulting in a judgment for plaintiff, defendant was not required to plead the judgment first entered in bar to further proceeding upon the second trial; both trials being in the same tribunal and on the same cause of action, and the court being bound to take judicial cognizance of its previous action.

4. EVIDENCE ⊜43(2)—JUDICIAL NOTICE OF PREVIOUS JUDGMENTS.

The court will take judicial cognizance of previous judgments rendered by it on the same cause of action at previous terms.

Error to Court of Civil Appeals of Third Supreme Judicial District.

Action by Ben F. Dancer against the Ætna Insurance Company. Judgment for plaintiff was affirmed by the Court of Civil Appeals (181 S. W. 772), and defendant brings error. Reversed and rendered as recommended by the Commission of Appeals.

Wm. Thompson, of Dallas, Jno. S. Patterson, of Waco, and Geo. S. Wright and Wm. C. Thompson, both of Dallas, for plaintiff in error.

E. C. Street and W. L. Eason, both of Waco, for defendant in error.

STRONG, J. The plaintiff, Dancer, sued the Ætna Insurance Company in the district court of McLennan county on a fire insurance policy. The case was first tried at the April term of the court, 1913, and resulted in a verdict in favor of the defendant. Upon the return of the verdict, the court made the following entry on the docket: "Judgment for the defendant on verdict of jury." Plaintiff filed a motion for new trial. The April term of court ended without the judgment having been entered on the minutes of the court, and without any ruling having been made upon the motion for new trial. At the July term, 1913, upon motion of defendant, agreed to by plaintiff, the judgment which had been rendered upon the verdict of the jury for the defendant at the April term of court was entered of record nunc pro tunc. Plaintiff immediately filed a second motion for new trial, which was, over the objections of the defendant, heard and granted by the court at the July term. At the January term of the court, 1914, the cause was again tried. The trial resulted in a verdict and judgment in favor of plaintiff, which was affirmed by the Court of Civil Appeals, 181 S. W. 772.

It is urged by the first assignment in the application for writ of error that the judgment appealed from is void, for the reason that the court was without jurisdiction to render the judgment, in that a final judgment was rendered in said cause at the April term, and the court·was without power to vacate said judgment at a subsequent term and retry the case.

[1, 2] We think the assignment must be sustained. The entry of the judgment at the April term of the court was not necessary in order to make the judgment final. Black on Judgments, §§ 106, 110. The judgment being final at the term at which it was rendered, and having in no way been set aside at that term, the court was without power, on motion for new trial, to set it aside at a subsequent term. Eddleman v. McGlathery, 74 Tex. 280, 11 S. W. 1100. In the cited case the court, speaking through Judge Gaines, said:

"The judgment of dismissal at the former term was a final judgment, and it is a well-settled rule of practice in this state that after the adjournment of the term at which such a judgment is rendered it is no longer subject to the control of the trial court" (citing Rogers v. Watrous, 8 Tex. 62 [58 Am. Dec. 100]; Metzger v. Wendler, 35 Tex. 378).

The court being without power to grant a new trial at a subsequent term of the court to that at which the judgment was rendered, the order granting the new trial and all subsequent proceedings in the case were absolutely void. Carter v. Commissioners, 75 Tex. 286, 12 S. W. 985; Eddleman v. McGlathery, supra; McKean v. Ziller, 9 Tex. 58; Bradford v. Malone, 49 Tex. Civ. App. 440, 130 S. W. 1013.

The decision in the case of Palmo v. Slayden, 100 Tex. 13, 92 S. W. 796, is not in conflict with the rule announced in the cases above cited. The question as to the power of the trial court to hear and act upon a motion for new trial at a subsequent term of the court to that at which the judgment was rendered was not before the court in that case. The only question decided was that where a case was tried and verdict rendered, but no judgment entered thereon until a subsequent term of the court, the time allowed by statute for filing the statement of facts would date from the entry of the judgment, and not from its rendition. The plaintiff in the case at bar had the right to perfect an appeal from the judgment rendered at the April term of the court, after the entry of the judgment nunc pro tunc; but he had no right to file, and the trial court had no jurisdiction to hear and act upon, a motion for new trial at a subsequent term of the court to that at which the judgment was rendered.

[3, 4] Nor do we think the defendant was required to plead the judgment rendered at the April term of the court in bar to further proceedings in the case upon the second trial. Both trials were had in the same tribunal and upon the same cause of action, and the court was bound to take judicial cognizance of its previous action in the case. Kelly v. Gibbs, 84 Tex. 143, 19 S. W. 380, 563; Jeffries v. Smith, 73 S. W. 48; Simon v. Greer,

34 S. W. 344; Robinson v. State, 21 Tex. App. 160, 17 S. W. 632.

We are of opinion that the judgment of the Court of Civil Appeals and that of the trial court should be reversed, and judgment here rendered for plaintiff in error.

PHILLIPS, C. J. The judgment recommended by the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.

---

CANALES v. STATE. (No. 5472.)

(Court of Criminal Appeals of Texas. Oct. 22, 1919. Rehearing Denied Nov. 19, 1919.)

1. CRIMINAL LAW ⊂═⊃359 — EVIDENCE; INDICTMENT AND CONVICTION OF STOOL PIGEON IMMATERIAL.

In a prosecution for the sale of intoxicants in violation of the local option prohibition law, where there were two sales of the same whisky, one by defendant to a stool pigeon, and one by the stool pigeon to the officer who employed him, evidence that the stool pigeon had been indicted for making the sale to the officer, and convicted on his plea of guilty, *held* inadmissible, not being a relevant or material fact on the issues on trial.

2. CRIMINAL LAW ⊂═⊃507(4)—ACCOMPLICE TESTIMONY IN LIQUOR PROSECUTION.

By Pen. Code 1911, art. 602, a stool pigeon, who, at the direction of an officer, purchased intoxicating liquor from defendant, who sold it in violation of the local option prohibition law, was not an accomplice of defendant, to require corroboration of his testimony.

3. CRIMINAL LAW ⊂═⊃825(1) — REQUEST FOR FURTHER INSTRUCTION.

If a phase of the argument of opposing counsel, in the opinion of counsel for defendant, required an additional charge from the court on circumstantial evidence, a request for it should have been made.

Appeal from District Court, Jackson County; John M. Green, Judge.

Rafael Canales was convicted of selling intoxicating liquors, and he appeals. Affirmed.

McCrory & Vance, of Edna, and Heidingsfelders, of Houston, for appellant. E. A. Berry, Asst. Atty. Gen., for the State.

MORROW, J. This conviction is for the sale of intoxicating liquors, in violation of the local option prohibition law. On a former appeal this case was reversed. See 206 S. W. 347.

The evidence on the former appeal, so far as it relates to the legal questions, is in sub-

stance the same as that herein, save that in this appeal Ramon Sifuentes did not testify. The sale was charged to have been made to him. The facts from the state's standpoint show: That the witness Yarbrough, an officer, with the object of entrapping violators of the law, gave to Sifuentes a $5 bill, directing him to use it in purchasing whisky for Yarbrough. That Sifuentes obtained the whisky from the appellant, and delivered it to Yarbrough, handing him at the same time $3.25 in change. The theory of the appellant, supported by his evidence, was that Sifuentes had left whisky at the home of appellant, and that on the occasion in question, Sifuentes requested the appellant to hand him one of the bottles of whisky, and also requested him to change a $5 bill. That appellant did these things, but was not interested in the whisky, and made no sale of it.

It appears from the bills of exception that Ramon Sifuentes was also indicted and convicted on the plea of guilty of unlawfully selling the same whisky, this prosecution growing out of his transaction with Yarbrough; the indictment against him charging that he had made a sale of liquor to the witness Yarbrough.

[1] The appellant insists that the trial court committed error in refusing to permit proof of these facts. We are unable to concur in this view. The ruling of the trial court was based upon the view that there were two sales of the same whisky—one by appellant to Sifuentes, and one by Sifuentes to Yarbrough—and the fact that Sifuentes had been indicted for making the sale to Yarbrough, and had been convicted upon the plea of guilty, was not a relevant fact or a material one to the issues which were on trial. It appears from other evidence that Sifuentes had deposited some bottles of whisky at the home of appellant, and it is claimed by appellant that he was not aware of the contents of the package containing them which Sifuentes left. This was a controverted issue. It also appears from other evidence that Yarbrough, for the purpose of founding a prosecution upon information obtained, inquired of Sifuentes whether he could obtain whisky, and receiving an affirmative answer, gave him the money with which to buy it; that Sifuentes went to the appellant's house and obtained the whisky from the appellant; that Yarbrough watched the transaction, and he testified to circumstances going to show, and which were regarded by the jury as showing, that appellant received pay for the whisky on its delivery by him. The appellant, predicating upon these facts, sought to have the jury instructed that Yarbrough was an accomplice, and that the rule of accomplice testimony requiring corroboration should be applied.