### J. P. Eddleman v. E. J. McGlathery.

No. 6492.

1. **Judgment—New Trial.**—After the adjournment of a term of court at which a final judgment is rendered such judgment is no longer subject to the control of the trial court, and after such adjournment a new trial can not be granted, no matter what may be urged in its favor. If the party complaining has been prevented by fraud, accident, or mistake from making his defense his only remedy is by a new suit to reopen the case, and such suit has all the characteristics of an independent action.

2. **Cases Cited.**—Roller v. Wooldridge, 46 Texas, 486; Taylor v. Fore, 42 Texas, 256; Goss v. McClaren, 17 Texas, 107; and Ragsdale v. Green, 36 Texas, 193, cited.

3. **Motion for New Trial.**—The District Court is not required to consider a motion for continuance merely filed with the clerk, though called to its attention by the clerk, if the party making it and his attorney are absent.

Appeal from McCulloch. Tried below before Hon. John C. Randolph. The opinion states the case.

*A. Eddleman,* for appellant.—Appellant's application for a new trial was sufficient to have entitled him to a new trial if presented at the Spring Term, 1887, of said court, and appellant's sickness was a sufficient legal excuse for not presenting same at that term. Spencer v. Kinnard, 12 Texas, 186; Dorn v. Best, 15 Texas, 66.

No brief for appellee has reached the Reporter.

Gaines, Associate Justice.—The appellant brought this suit in the court below. At the second term of the court after its institution he forwarded to the clerk an application for continuance, but neither he nor his attorney having appeared when the cause was called for trial the court dismissed the suit for want of prosecution. At the next succeeding term of the court he filed a motion for a reinstatement of the case upon the docket and for a new trial, which was stricken out on motion of the defendant. From this last order this appeal is taken.

In the view we take of the case we deem it unnecessary to discuss the contents of the motion for a new trial. The judgment of dismissal at the former term was a final judgment, and it is a well settled rule of practice in this State that after the adjournment of the term at which such a judgment is rendered it is no longer subject to the control of the trial court. Rogers v. Watrous, 8 Texas, 62; Metzger v. Wendler, 35 Texas, 378.

In Overton v. Blum, 50 Texas, 417, it is said "that although the contrary might be inferred from some of the earlier decisions, it must now be regarded as settled that a new trial is never in fact granted after the adjournment of the term of the court at which the judgment is rendered, no matter what are the grounds urged in support of the application."

Where a party has been prevented by fraud, accident, or mistake from prosecuting his suit or making his defense and an opportunity has not been afforded him for moving for a new trial during the term, he may bring an equitable action after its close to reopen the case and dispose of the litigation upon its merits.    But in every such case the new suit has all the incidents of an original action, and upon every issue involved either party is entitled to a regular trial before a jury upon testimony offered in the manner usual upon the hearing of causes upon their merits.

A motion for a new trial on the contrary does not involve a trial upon the merits of the case further than that the applicant must show prima facie that he has merit, and it is properly disposed of in a summary manner either upon the face of the record or upon affidavits of the parties and of their supporting witnesses.    That the appellant in this case has mistaken his remedy is well settled by numerous decisions of this court. Roller v. Wooldridge, 46 Texas, 486; Taylor v. Fore, 42 Texas, 256; Goss v. McClaren, 17 Texas, 107; Ragsdale v. Green, 36 Texas, 193.

We may add, however, that if we could properly enter upon the merits of the motion we should be compelled to deny the appellant any relief. His motion excuses his own absence, but not that of his attorney.    When the case was called his attorney should have been present in court to present his application for continuance and to prosecute his cause.    The court was not bound to consider a motion merely filed with the clerk, although the clerk may have called it to his attention.

The judgment is affirmed.

*Affirmed.*

Delivered June 11, 1889.