### HESTER v. BASKIN. (No. 945.)

(Court of Civil Appeals of Texas. Amarillo. March 22, 1916.)

1. APPEAL AND ERROR ☞655(1) — RECORD — STRIKING INDEPENDENT PAPER.

Appellee's motion to strike out an independent paper filed in the Court of Appeals, not being part of the transcript, but purporting to be the conclusions of fact and of law of the trial court, will be granted.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2823, 2825; Dec. Dig. ☞655(1).]

2. ATTACHMENT ☞125—FAILURE TO SWEAR TO AFFIDAVIT—EFFECT.

Failure to swear to an affidavit for attachment against a nonresident is a defect which can be urged against the proceedings before trial, but is a matter which defendant can waive, and will not render the judgment foreclosing the attachment lien void.

[Ed. Note.—For other cases, see Attachment, Cent. Dig. §§ 344–350; Dec. Dig. ☞125.]

3. ATTACHMENT ☞125 — FAILURE TO MAKE AFFIDAVIT—EFFECT.

Failure to make affidavit for attachment will not defeat the court's jurisdiction as to a nonresident, where the writ is issued and levied on his property, since it is the levy of the attachment which gives the lien and jurisdiction over the property.

[Ed. Note.—For other cases, see Attachment, Cent. Dig. §§ 344–350; Dec. Dig. ☞125.]

4. JUDGMENT ☞143(2), 145(2)—BY DEFAULT —VACATION.

Where a default judgment which is not void is sought to be vacated by motion or suit, an excuse for failure to answer in the original suit and also facts showing a meritorious defense must be set up.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 270, 271, 293; Dec. Dig. ☞143(2), 145(2).]

5. JUDGMENT ☞153(4) — DEFAULT — SETTING ASIDE—AFTER TERM.

The trial court properly refused to consider a motion to set aside a default judgment rendered at a previous term of court, since new trial is never granted after adjournment of the term of court at which a judgment is rendered, no matter what the grounds urged.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 301; Dec. Dig. ☞153(4).]

6. NEW TRIAL ☞157—MOTION—DISPOSITION.

A motion for a new trial, not involving a trial upon the merits of the case, is properly disposed of in a summary manner, either upon the face of the record, or upon affidavits of the parties and of their supporting witnesses.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 314, 317, 318; Dec. Dig. ☞157.]

7. JUDGMENT ☞435, 443(1, 3)—VACATION FOR FRAUD—"EQUITABLE ACTION."

A party who has been prevented from prosecuting his suit or making his defense by fraud or mistake can bring an "equitable action" after the close of the term to reopen the case and dispose of it upon its merits, which action has all the incidents of a trial and cannot be disposed of in a summary way, as a motion for a new trial.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 785, 821, 822, 836, 838; Dec. Dig. ☞435, 443(1, 3).

For other definitions, see Words and Phrases, First and Second Series, Equitable Action.]

8. JUDGMENT ☞173—DEFAULT—VACATION— REINSTATEMENT.

The trial court, which was in error in setting aside a default judgment after term, properly vacated the order on motion, leaving the default judgment as rendered at the previous term stand as originally entered, since an order is subject to the control of the court granting it during the term at which it is made.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 340; Dec. Dig. ☞173.]

Appeal from Deaf Smith County Court; Jas. A. Hughes, Judge.

Action by L. Baskin against B. M. Hester. From an order setting aside an order vacating a default judgment against defendant, he appeals. Affirmed.

Russell & Dameron, of Hereford, for appellant. Knight & Slaton, of Hereford, for appellee.

HUFF, C. J. The appellee Baskin brought suit against Hester on a promissory note, interest, and attorney's fees. It was alleged that Hester resided in Harper county, Kan. Notice for service on a nonresident was obtained and duly served on Hester, and in addition thereto an attachment was sued out and writ issued and levied upon certain lots in the city of Hereford, and judgment taken in the suit at the October term of the county court, foreclosing the attachment lien and directing its sale. At the December term of the county court of Deaf Smith county, Hester filed a motion to set aside the default judgment, alleging that his attorneys and appellee's attorneys had entered into an agreement to continue the case, but, through mistake, judgment by default had been entered. He attaches to his motion as part thereof an answer which he filed that day in the case of Baskin v. Hester, setting up several items of counterclaim, but admitting the execution of the note. The affidavit for attachment is signed by Baskin, and is in all respects sufficient, except the jurat of the officer before whom it was taken is not signed by the officer. After the filing of the motion at the December term, on December 9th, the trial court granted the motion to set aside the default judgment. In addition thereto, the answer was filed by the appellant in the

former suit. The plaintiff filed a supplemental petition to the answer on the 9th of December, containing several exceptions to the answer, which the court sustained. On the 21st day of December, the appellant Hester filed a motion, which is termed "a motion to set aside the judgment by default," setting up the fact that the court had no jurisdiction to render the judgment against a nonresident for the reason that the affidavit for attachment had not been sworn to. However, on the 11th day of December, it appears that appellee Baskin filed a motion to set aside the order of the court theretofore rendered during that term, which set aside the judgment rendered at the previous October term of court, because it was a simple motion and the court had no authority to entertain such a motion, and that the reasons set up could only be urged in equitable proceedings in an independent suit, and other reasons set out in the motion. The court, it appears, on the 24th day of December, set aside its order made on the 9th day of December, vacating the judgment of the court rendered on the 13th day of October, 1915. From this order the appellant Hester appeals.

[1] The appellee in this case presents a motion to strike out what purports to be conclusions of fact and of law of the trial court, filed herein on this appeal. The paper so filed is not part of the transcript brought up to this court, but appears to be an independent paper, without the certificate of the clerk of the trial court entered thereon. We think that appellee's motion to strike out the conclusions of fact and law should be sustained, as they are improperly brought to this court, and not in compliance with the rule.

[2-4] Without noticing the assignments in the order presented, we will discuss the questions involved in this appeal. The motion setting up the failure to make affidavit for attachment may, perhaps, be said to be a direct attack upon the judgment of the trial court at the previous term. Crawford v. McDonald, 33 S. W. 325. The failure to swear to the affidavit is a defect which could be urged against the proceedings before trial; but this is a matter which the defendant could waive, and will not for that reason render the judgment, foreclosing the attachment lien, void. The rule appears to be in this state that the failure to make the affidavit will not defeat the jurisdiction of the court as to a nonresident, where the writ of attachment has been issued and levied on the property of the defendant. The courts, as we understand them, hold that it is the levy of the attachment that gives the lien and jurisdiction over the property. Barelli v. Wagner, 5 Tex. Civ. App. 445, 27 S. W. 17; Cooper v. Reynolds Lessee, 10 Wall. 308, 19 L. Ed. 931; Baker v. Hahn, 161 S. W. 443. It is also the rule, as we understand, where a judgment is sought to be vacated by a motion or by a suit for that purpose, where the judgment is not void, it will be necessary to set up an excuse for failure to answer in the original suit and also the facts showing a meritorious defense. Kern v. Freeze, 96 Tex. 513, 74 S. W. 303; Western Lumber Co. v. Railway, 180 S. W. 644.

[5-7] We are inclined to believe the trial court properly refused to consider the motion to set aside the default judgment rendered at a previous term of the court. The Supreme Court of this state has said:

"It must now be regarded as settled that a new trial is never in fact granted after the adjournment of the term of the court at which the judgment is rendered, no matter what are the grounds urged in support of the application." Overton v. Blum, 50 Tex. 417.

The motion for new trial does not involve a trial upon the merits of the case. It is properly disposed of in a summary manner, either upon the face of the record or upon affidavit of the parties and of their supporting witnesses. If, by fraud, or mistake, a party has been prevented from prosecuting his suit, or making his defense, he can bring an equitable action upon its merits after the close of the term to reopen the case and dispose of it upon its merits. This action so brought has all the incidents of a trial and cannot be disposed of in a summary way, as would a motion for a new trial. Eddleman v. McGalthery, 74 Tex. 280, 11 S. W. 1100, and authorities there cited.

The trial court, it appears, when the motion was first considered, granted the prayer to set aside the former judgment, but afterwards, upon reconsideration, he set aside his order granting the motion vacating the former judgment at the preceding term.

[8] Complaint is here urged to the action of the trial court in setting aside the order granting a new trial. During the term at which an order is made, it is subject to the control of the court making it. If the trial court was in error in granting a new trial and in setting aside the former judgment because he then had no such power, on motion it was his duty to correct the error by setting aside the order granting a new trial. We think the trial court properly vacated the order for a new trial and left his judgment as rendered at the previous term stand, as originally entered. If we were to consider the motion of the appellant filed to set aside the judgment and the answer attached thereto, we would be unable to say the trial court abused his discretion in overruling the motion. It does not appear from the facts alleged in the motion or by the answer that appellant will suffer any injury. He does not deny the note sued on, but claims some items as counterclaims against the note. There is nothing shown that will prevent his recovery on the items thus claimed if he shall afterward show them to be just in another action therefor.

The case will be affirmed.