### O'NEIL et al. v. NORTON et al.

Motion No. 9236; No. 1365—5514.

Commission of Appeals of Texas, Section A.
Jan. 7, 1931.

Atlas Jones and Marcus W. Davis, both of San Antonio, Ditzler H. Jones, of Uvalde, and T. M. Milam, of Ft. Stockton, for plaintiffs in error.

John J. Dwyer, of New York City, and Will Glover and Martin & Martin, all of Uvalde, for defendants in error.

SHARP, J.

Attention has been called to the judgment entered herein at the last term of this court, wherein the costs of this appeal were taxed against plaintiffs in error, E. A. Norton, H. G. Norton, W. S. Ingram, and Atlas Jones. The judgments of the Court of Civil Appeals, 17 S.W.(2d) 66, and the trial court were reversed, and the cause remanded for a new trial. (Tex. Com. App.) 29 S.W.(2d) 1060. This judgment entered by the court required that the costs of the appeal should be taxed not against the plaintiffs in error, above mentioned, but against the defendants in error Charles W. Donnelly, George H. Lottspike, Minnie L. Newman, Bessie Fee, Edward O'Neil, Anna O. Ronan, Louis Ronan, Agnes O. Street, Walter Street, Henrietta O. O'Donnell, Frank O'Donnell, John O'Neil, and James L. O'Neil. The judgment entered by the clerk of this court taxing the costs against the plaintiffs in error instead of the defendants in error is not the correct judgment of the court and is a clerical error, and should be corrected, so that the record with reference to the judgment entered by this court should speak the truth and show that the corrected judgment is the judgment rendered by the court.

We think that, with reference to the correction of judgments after the term in which the judgment was rendered has expired, the following rules are well established:

 (a) Under the law and well-established rules of this state, relating to correction of judgments, the court rendering judgment may correct a clerical, but not a judicial, error, after the term in which the judgment was rendered has expired.

(b) The court may not correct its judgment after the term in which the judgment was rendered, except where the judgment as entered on the records of the court is not the judgment rendered by the court.

(c) A court has inherent judicial power to make its records speak the truth as to what the court has actually done and by virtue thereof, to strike from such records a judgment inadvertently entered at a former term by its clerk without judicial determination that it be rendered. Charles Nevitt et

ux. v. Lewis Wilson et al., 116 Tex. 29, 285 S. W. 1079, 48 A. L. R. 355; Coleman v. Zapp, 105 Tex. 491, 151 S. W. 1040; Arrington v. McDaniel (Tex. Com. App.) 25 S.W.(2d) 295.

We think that the judgment entered herein by the clerk with reference to taxing the costs of this appeal against plaintiffs in error is a clerical error and should be corrected, so that the judgment should read that the costs of this appeal shall be taxed against the defendants in error.

Therefore, we recommend that the judgment entered herein by the clerk taxing the costs of this appeal against the plaintiffs in error be corrected, and that judgment be entered herein in conformity with the opinion entered in this cause that the costs incurred in this appeal be taxed against the defendants in error; that the judgment otherwise remain as heretofore rendered.

CURETON, C. J.

The motion to retax costs is granted, and the costs will now be taxed as recommended by the Commission of Appeals.