## STATE BANK & TRUST CO. OF SAN ANTONIO v. LOVE.

### No. 1321.

Court of Civil Appeals of Texas. Waco.
Feb. 9, 1933.

Rehearing Denied March 16, 1933.

C. S. Slatton, W. J. Rogers, and Spencer & Lewis, all of San Antonio, for appellant.

Marcus W. Davis and P. E. Johnson, both of San Antonio, for appellee.

GALLAGHER, Chief Justice.

This suit was instituted by appellee, Love, to recover of appellant, State Bank & Trust Company of San Antonio, Tex., damages for the breach of its alleged agreement to lend him the sum of $50,000. Appellee's original petition was filed June 8, 1918, and his second amended petition November 5, 1919. Appellant's first amended original answer was filed April 21, 1927. Said amended answer contained a general demurrer and various special exceptions. On the 27th day of March, 1928, the court dismissed the cause for want of prosecution, reciting in his judgment of dismissal that the same had been duly called for trial and no announcement had been made therein. Said judgment was authenticated by the official signature of the judge and duly entered on the minutes of the court. The term of court at which the same was rendered and entered adjourned May 31, 1928. No further action of any kind was taken by any of the parties at that term. On June 19, 1928, at the next succeeding term of the court, appellee filed a motion for an order reinstating the cause. The affirmative averments of said motion were as follows:

"That, heretofore, to-wit, on the 27th day of March, A. D. 1928, this cause, being then held under advisement by the court upon the general demurrer and special exceptions, as shown by the pleadings, the same having theretofore been argued and presented to the court on the written briefs by counsel, was inadvertently and through mistake included by the court upon a list of cases to be dismissed for want of prosecution; that said case was and should have been taken from said list ; and that the order of dismissal first made was and should have been set aside as to this case; that, therefore, under all the facts and circumstances, the order of the court should be entered nunc pro tunc setting aside the said order of dismissal and reinstating this cause to the docket of the court for trial."

No notice of said motion was served upon appellant. Neither did it or its counsel have actual notice thereof. The court on the same day said motion was filed, authenticated by his signature and caused to be entered upon the minutes the following order:

"On this day came on to be heard plaintiff's motion to enter an order nunc pro tunc, reinstating this cause and setting aside the previous order of dismissal.

"The court, being fully advised in the premises and finding the facts set forth in said motion to be true, and that the dismissal of this cause was by mistake, is of the opinion that said motion should be granted.

"It is, therefore, ordered that the previous order of dismissal herein, dated March 27, 1928, be and the same is hereby set aside, and that this cause be restored to the docket of this court for trial, and that this order be entered nunc pro tunc as of date March 27, 1928."

The transcript does not contain any minute entry reciting the submission of appellant's demurrer and exceptions.

The court, on January 29, 1929, signed and filed among the papers in the cause a statement that appellant's general demurrer and special exceptions were overruled, and cited various authorities in support of such action. This instrument does not appear to have been

copied in the minutes. Appellee, on January 3, 1931, filed a motion assailing the validity of the above recited order of the court reinstating the cause and asking that the court refuse to exercise further jurisdiction therein and that the same be stricken from the docket, which was overruled.

The cause came on for trial by jury on October 5, 1931, on the identical pleadings on file therein at the time the court entered the aforesaid order of dismissal. The judgment recites that appellee's demurrers and exceptions were presented and overruled and that the cause was submitted to the jury on special issues. Said issues, with the answers of the jury, are copied therein. The court, upon consideration thereof, awarded appellee a recovery against appellant in the sum of $20,000, the amount of damages assessed by the jury in its verdict.

### Opinion.

■ Appellant, by an appropriate assignment, assails the action of the court in reinstating the cause after the dismissal thereof at a prior term. The facts have been hereinbefore recited. The procedure in the trial court was governed by the general provisions of our Revised Statutes, and not by the special provisions of article 2092 thereof. A judgment of dismissal is a final judgment. It involves the exercise of judicial discretion and authority and cannot be set aside on motion after the adjournment of the term at which it was entered. First Nat. Bank v. Fox (Tex. Sup.) 39 S.W.(2d) 1085, 1086, pars. 1, 2, and 3, and authorities there cited; Coleman v. Zapp, 105 Tex. 491, 494, 151 S. W. 1040; Eddleman v. McGlathery, 74 Tex. 280 et seq., 11 S. W. 1100; Pierce Company v. Watkins, 114 Tex. 153, 159, 263 S. W. 905; Green v. Green (Tex. Com. App.) 288 S. W. 406, 407, pars. 1 to 3, inclusive; O'Neil v. Norton (Tex. Com. App.) 33 S.W.(2d) 733, 734; Oldham v. Heatherly (Tex. Civ. App.) 3 S.W. (2d) 484.

■ Appellee invokes the aid of Revised Statutes, art. 2228, to sustain the action of the trial court in reinstating the cause on motion at a subsequent term. Said article by its terms applies merely to mistakes in the entry of the judgment. It applies in cases involving nonjudicial mistakes, and does not authorize the correction of judicial errors. Coleman v. Zapp, supra; Nevitt v. Wilson, 116 Tex. 29, 285 S. W. 1079, 1082, pars. 3, 4, and 5, 48 A. L. R. 355, and authorities there cited; O'Neil v. Norton, supra.

Appellee also seeks to sustain the action of the court in attempting to reinstate the cause, on the ground that appellant's demurrer and exceptions had theretofore been submitted to the court for determination and had been taken under advisement, and that the court was without judicial power to order such dismissal until the same had been acted upon.

He cites in support of his contention the case of Nevitt v. Wilson, supra, page 1083 of 285 S. W., 116 Tex. 29, 48 A. L. R. 355, pars. 6 et seq. In that case a jury verdict had been returned. A motion had been filed asking the court to render judgment on such verdict and a suggested form of the judgment desired was submitted therewith. The clerk, by mistake and without authority of the court, entered the suggested judgment on the minutes. The opposite party had filed a motion to set the verdict aside. Both said motions were filed in due time. They were not, however, presented within thirty days nor determined within forty-five days after such filing. Neither had the court in fact rendered any judgment in the cause. The trial court, notwithstanding more than forty-five days had elapsed from the filing of such motions, ordered the purported judgment, which was wholly without judicial sanction, stricken from the minutes, set aside the verdict, and granted a new trial. A judicial construction of subdivisions 28 to 30 of Revised Statutes, article 2092, above cited, was invoked by such situation. Said subdivisions relate to the time of filing and acting upon motions for new trial and the time when judgments shall become final. One provision thereof is that all motions for new trial shall be determined within forty-five days after the filing of the original or amended motion, unless postponed by agreement of the parties to a later date. Another provision thereof is that a judgment shall become final after the expiration of thirty days from the date such judgment was rendered or motion for new trial was overruled. The Supreme Court held that the effect of said provisions was to prevent a judgment from becoming final while such motions were pending, and that until disposed of, the trial court's jurisdiction to act thereon continued. The action of the trial court was therefore sustained. We find no analogy between the continued jurisdiction of the trial court to act upon a motion for new trial under the special provisions of said article and the authority of the trial court in this case to dismiss the same from the docket without acting on appellant's demurrer and exceptions, and said case furnishes no precedent to support appellee's contention here under consideration.

■ We do not understand appellee to contend that his motion for reinstatement constituted in legal effect a bill of review or equitable proceeding to set the judgment of dismissal aside notwithstanding it was filed as a motion under the number and style of the original case and not as a new suit. Application of the rule that a motion for a new trial is in effect a bill of review when it contains all the allegations necessary to constitute it such, announced in Osborn v. Younger (Tex. Com. App.) 235 S. W. 558, par. 1, and the various cases citing and following the same, is

926

therefore excluded. Since the trial court's dismissal of appellee's suit for lack of prosecution was a judicial act, it was without legal power or authority to set the same aside and reinstate the cause after the adjournment of the term at which the same was entered. The attempt to reinstate the cause was improper and void under the authorities above cited.

The judgment of the trial court is reversed and the cause remanded, with instructions to strike the same from the docket.