### TRIGG v. TRIGG.

#### No. 13154.

Court of Civil Appeals of Texas. Fort Worth.

April 26, 1935.

Rehearing Denied June 14, 1935.

Taylor, Muse & Taylor, of Wichita Falls, and Shropshire & Bankhead, of Weatherford, for appellant.

Massingill & Belew, Homa S. Hill, and Cantey, Hanger & McMahon, all of Fort Worth, for appellee.

DUNKLIN, Chief Justice.

Mrs. Eloise McFarland Trigg has appealed from a judgment of the district court dismissing her action, instituted May 22, 1931, in the nature of a bill of review to set aside a judgment theretofore rendered on December 23, 1930, in her suit against defendant Dr. Ross Trigg for divorce and recovery of her interest in community property, and grant a new trial of the issues involved in that suit.

The judgment in that suit granted her the divorce she was seeking and also awarded to her $2,000 and the household and kitchen furniture as her interest in the community estate. The defendant, Dr. Ross Trigg, was awarded the balance of the community estate, but he was charged with the payment of community debts, itemized in the judgment aggregating $9,-456.24 and $2,000 additional, which plaintiff prayed be allowed as a fee to her attorneys for representing her in the suit. The judgment shows the following recitals: "And all parties appearing in person or by attorney except the plaintiff who appeared by attorney, and all parties having plead herein as required by law, and all parties having announced ready for trial, and no jury having been demanded by any party in the time and in the manner required by law, and said cause having been regularly set was called for trial, and the plaintiff's motion for continuance having been regularly set was called for trial, and the plaintiff's motion for continuance having been overruled, the Court having heard pleadings, the evidence and a written agreement signed by the plaintiff Eloise McFarland Trigg, and Ross Trigg, effecting a division of the community property situated in Texas, having been filed in the cause, and the court having heard testimony as to the reasonableness and fairness of said agreement, is of the opinion that the plaintiff Eloise McFarland Trigg is entitled to divorce, and that the community property in the State of Texas should be and the same is hereby apportioned, divided and set aside to the respective parties, Eloise McFarland Trigg and Ross Trigg, as per said agreement on file herein, and as is hereinafter set out."

The statement of facts brought up in the present suit shows that the only evidence introduced was documentary, viz.:

(1) Plaintiff's second amended original petition for divorce, filed December 23, 1930.

(2) The judgment rendered in the divorce suit, dated December 23, 1930.

(3) Plaintiff's original motion for new trial, filed December 31, 1930, which was eight days after the rendition of the judgment.

(4) Order of court granting plaintiff leave to file an amended motion for new trial, dated December 31, 1930.

(5) Plaintiff's first amended motion for new trial, filed April 20, 1931.

(6) Filing by plaintiff of her original petition in the present suit in the nature of a bill of review on May 22, 1931.

(7) Plaintiff's second amended motion for new trial in the divorce suit, filed August 26, 1931.

None of those motions for new trial were ever acted upon, and no evidence was introduced to show that the same were ever called to the attention of the court with request for a ruling thereon. And while the second amended motion for new trial filed August 26, 1931, was duly verified by plaintiff, Mrs. Trigg, there was no verification of either her original motion for new trial, filed December 31, 1930, or her first amended motion for new trial, filed April 20, 1931.

The trial now under review was upon Mrs. Trigg's second amended original petition, filed November 4, 1931, and was duly verified by her. Her original petition in the suit, which was filed May 22, 1931, does not appear in the record, but the date of its filing was shown by the notation made by the clerk on his official docket.

The facts alleged in plaintiff's petition as grounds for setting aside the judgment in the divorce suit and for a retrial of the issues therein involved may be briefly summarized as follows: On December 22, 1930, the trial judge set December 24, 1930, as the date for trial, but tried it December 23d, in her absence, and while she was too ill to attend court, being confined to her bed at the hotel in Fort Worth upon advice of her physician. She had employed Messrs. Jesse E. Martin and Irwin T. Ward as her attorneys to represent her in the suit, and they had filed her second amended original petition, which was on file when the divorce suit was tried, but on December 20th, three days before the trial, she discharged them and requested of them the return to her of all her papers which were in her file and which she had delivered to them, so that she might take them to another attorney, to wit, Leonard Levy. They then refused her request. Two days later, to wit, December 22d, she appeared in open court and informed the trial judge that on account of illness she was physically unable to appear in trial of the case, and that she had discharged her said attorneys and was unwilling for them to represent her because they had not dealt fairly with her and had not represented her interests. She then learned that her attorneys had not deposited a jury fee in the case, as she had instructed them to do, and she immediately paid the jury fee herself, and so informed the trial judge, and also told him she wanted a jury trial and that she was then seeking to employ Mr. Leonard Levy to represent her in the case. Thereupon, the trial judge refused to allow the case to be put on the jury docket and told her, in substance, that her employment of Messrs. Martin and Ward was ended, and that he would set the case for trial for December 24th. But on December 23d, Messrs. Martin and Ward were by the court permitted to appear in her behalf, against her consent, when the trial was had, and while she was unable to be present on account of illness. Further, she had told Messrs. Martin and Ward that in the event they should appear for her on the trial she wanted them to move for a continuance in order that the case might be tried before a jury, which they failed to do. The written agreement for division of the community estate, according to which the community estate was divided by the judgment rendered, had been signed by her the day before the case was tried, but was repudiated by her before defendant had also signed it, and her attorneys, Martin and Ward, had been notified of her repudiation before the trial. She learned of the judgment immediately after its rendition and procured another attorney, Mr. Rufus Garrett, to file her original motion for new trial on December 31, 1930, and then applied to several other attorneys to further represent her interests, but without success, due to the fact that she was penniless and unable to pay an attorney's fee until, through assistance of her uncle residing in New York, she finally succeeded in employing her attorneys, Taylor, Muse & Taylor, now representing her, to file her first amended motion for new trial on April 20, 1931, also her second amended motion for new trial in the divorce case on August 26, 1931, and her original petition for bill of review on May 22, 1931. According to her further allegations, her interest in the community estate of herself and husband was worth at least $250,000, and in her petition for divorce she alleged she owned in her own separate right 14,412

acres of land, situated in San Miguel county, N. M. Prior to the divorce decree, defendant had procured a decree of divorce in the state of New Mexico, which was invalid for lack of jurisdiction, since he was not a resident citizen of that state but of the state of Texas, and that the divorce decree which she is now trying to set aside was on the testimony of defendant admitting the disgraceful conduct which she had alleged in her petition for divorce, all because of his desire for a dissolution of their marriage relation; and if her prayer for a cancellation of the judgment complained of be granted, she will be able to prove upon another trial title to a one-half interest in community property of the value of $250,000.

In her original motion for new trial she alleged as a ground therefor the trial of the case without a jury after she had paid the jury fee, and her absence after the court had been advised of her inability to appear on account of illness; the violation by her attorneys of her instructions to them to move for a continuance of the case because of her illness and to take a nonsuit in the event the case was not continued; and her repudiation of the settlement of her interest in the community estate after she had signed it and before defendant had signed it and before it was filed in the case and had notified attorneys for plaintiff and defendant of such repudiation.

Her first and second amended motions for new trial embodied the same grounds as shown in the original motion for new trial and practically all other grounds set out in her second amended original petition for a bill of review already noted.

The defendant filed an answer to the bill of review embodying numerous exceptions to its sufficiency in equity, a general denial, and a special plea to the effect that plaintiff could not recover because, as shown by the record, she had an adequate legal remedy by appeal or writ of error, which, through negligence, she had failed to pursue.

Defendant filed a further pleading, praying that the suit be abated. In the first paragraph abatement is sought upon the ground that the plaintiff's motion for new trial in the divorce suit was still pending. Another paragraph of the pleading reads as follows: "This defendant says that in this alleged bill of review, plaintiff is seeking to set aside the judgment rendered on December 23rd, 1930, in cause No. 88347, but defendant alleges that plaintiff had a valid, legal, adequate remedy at law therein, that said defendant appeared in a motion for a new trial therein which was filed in the time permitted by law and that said motion is still pending and plaintiff, therefore, has an adequate legal remedy and cannot further prosecute this said suit by reason thereof; that in the alternative if plaintiff's motion for a new trial is not still pending in said suit, then this defendant says that same was filed within the time permitted by law and that if same was overruled or is no longer pending, that all the facts herein alleged were known to plaintiff at the time said motion for new trial was filed, and that if said motion for a new trial was not prosecuted to a conclusion that it was through plaintiff's own negligence, inattention, default and laxness and through no fault of this defendant or any party to said suit other than plaintiff and not through any accident or mistake or fraud, and that by reason thereof, plaintiff is not entitled to prosecute this cause of action, and this defendant is ready to verify."

The judgment of the trial court, from which this appeal is prosecuted, reads:

"This cause coming on this the 9th day of April, A. D. 1934, to be heard, and all parties to this cause being present in open court, and represented by counsel, thereupon the defendant presented to the court his plea in abatement to the plaintiff's cause of action, as set forth in the Bill of Review pending before the court, and it appearing to the court that the plaintiff, Eloise Trigg, had knowledge of the final judgment which was rendered in this court, and which judgment she now attacks by her Bill of Review, in ample time within which to file a motion for a new trial; and it further appearing that the said plaintiff did, within the time permitted by law, file a motion for a new trial, which motion was filed personally by her; and it further appearing that the plaintiff obtained an order in due season permitting her to amend her said motion; and it further appearing to the court that the plaintiff, Eloise Trigg failed and neglected to pursue her rights which were acquired by reason of having timely filed a motion for a new trial, the court is of the opinion that this court has no authority to hear and no jurisdiction over the plaintiff's Bill of Review filed herein, and

"It is the order, judgment and decree of the court that the defendant's Plea in

Abatement be, and the same is hereby in all things sustained; and that this cause be and the same is hereby dismissed, and the costs accrued herein be and they are hereby taxed against the plaintiff Eloise Trigg."

■■ It is a well-established principle of equity jurisprudence that one who by an original suit seeks to set aside a judgment rendered against him in a former suit ·must show not only that he had a valid defense to that action, but that he had no adequate legal remedy for relief by appeal or writ of error to an appellate court, and such an action will not lie if it appears that the same grounds relied on. in his bill of review to set aside the former judgment would have been equally as available to him on appeal or writ of error to the appellate court, and which, through negligence, he failed to prosecute. 17 Tex. Jur. pp. 11–13.

■■ As before pointed out, some of the facts alleged and relied on for relief were alleged in the original motion for new trial in the divorce case, filed eight days after the divorce decree was granted, and practically all the facts alleged in the bill of review were alleged in the first amended motion for new trial, filed April 20, 1931, neither of which motions was verified by plaintiff or had any supporting affidavits of the truth of the allegations therein made, nor was either of them presented to the court for a ruling thereon. And in appellant's brief it is pointed out that the first amended motion for new trial was not filed within the time prescribed by the statutes, since the term of court at which the divorce decree was entered expired December 31, 1930, and the succeeding term had also expired. But the point is made that her failure to file that motion sooner should be excused on account of her ill health and lack of means to employ an attorney. In passing, we deem it proper to observe that we know of no decision holding that a judgment could be set aside in a proceeding like this after the losing party had lost his right of appeal which he formerly had simply because he was too poor to employ counsel or because his counsel had been derelict in his duty. If such were the rule, there would be no certainty as to when a judgment has become final. The petition shows that all those facts were known to plaintiff when the original motion for new trial was filed, and· if they were sufficient to establish a valid reason

for setting aside the former judgment and granting a new trial of that case, as now insisted in the petition for bill of review, it must be presumed that a like result would have been accomplished by appeal or writ of error if the grounds alleged in the motion for new trial had been supported by proper proof of their verity. And in that event, the judgment would have been reversed without a determination of the merits of the issues involved in the suit; the error being one of procedure only. The same errors of procedure urged in this suit would have to be established before the court would be authorized to decide the merits of the controversy between plaintiff and defendant, also presented in the plaintiff's bill of review. Moreover, plaintiff would have had the right on a hearing of her motion for new trial to support the truth of the facts therein alleged by appropriate affidavits and other competent evidence. 31 Tex. Jur. pp. 144–147; Stephenson v. Nichols (Tex. Com. App.) 286 S. W. 197; Stephenson v. Calliham (Tex. Civ. App.) 60 S.W.(2d) 805; Martin v. Clements (Tex. Civ. App.) 193 S. W. 437; Ricketts v. Ferguson (Tex. Civ. App.) 64 S.W.(2d) 416.

We believe it manifest from the record noted that plaintiff had an adequate legal remedy by appeal to correct the errors, if any, now relied on in this suit to set aside the judgment in the divorce case, which she failed to resort to without any showing of a sufficient excuse in equity for such failure. Arneson v. Shary (Tex. Civ. App.) 32 S.W.(2d) 907; Ricketts v. Ferguson, supra; Murry v. Citizens' State Bank (Tex. Civ. App.) 77 S.W.(2d) 1104; Lindsey v. Dougherty (Tex. Civ. App.) 60 S.W.(2d) 300, and decisions there cited; McCauley v. Northern Texas Traction Co. (Tex. Civ. App.) 21 S.W.(2d) 309; Bryorly v. Clark, 48 Tex. 345.

In her briefs here, attention is called to the allegation in her petition that no official record was made by the court stenographer of the proceedings in the trial of the divorce case, and for lack of such a record she could not on an appeal have asserted the equities now asserted, and therefore the bill in equity was her only course open for the relief sought. Several decisions are cited to support that contention, such as Hollis v. Seibold (Tex. Civ. App.) 23 S.W. (2d) 811; Camden Fire Ins. Co. v. Hill (Tex. Com. App.) 276 S. W. 887; De Garcia v. San Antonio & A. P. Ry. Co. (Tex.

Civ. App.) 77 S. W. 275; Cook v. Panhandle Refining Co. (Tex. Civ. App.) 267 S. W. 1070; Senter v. Garland (Tex. Civ. App.) 298 S. W. 614; Dallas Storage & Warehouse Co. v. Taylor et al. (Tex. Sup.) 77 S.W.(2d) 1031.

In the first place, plaintiff has not pointed out the particular proceedings in that trial which she could not discover. Furthermore, she alleged that defendant testified to the wrongful acts charged against him as grounds for divorce and on which the court granted her prayer for divorce. And then alleged particularly that Martin and Ward, whom she had theretofore employed, appeared in her behalf, that the case was tried without a jury, and judgment rendered. Seemingly that was a full account of what occurred at the trial; and nothing further is suggested except the allegation that said attorneys failed to move for a continuance, which is contradicted by the recitals in the judgment and of which judgment and all recitals therein she had notice when her original motion for new trial was filed.

The cases cited are clearly distinguishable from the present suit on the facts. They were suits to set aside judgment that had been procured by fraud or accident, proof of which complainants did not have opportunity to make by motion for new trial, and, therefore, the only adequate remedy was by suit in the nature of a bill of review, under the general rule in equity, announced in Eddleman v. McGlathery, 74 Tex. 280, 11 S. W. 1100; Dunn v. Taylor, 42 Tex. Civ. App. 241, 94 S. W. 347; Hester v. Baskin (Tex. Civ. App.) 184 S. W. 726, and many other decisions too numerous to mention.

■ It is next insisted that if as alleged in plaintiff's petition the divorce case was tried in her absence and in the absence of an attorney duly authorized by her and after she had repudiated the settlement agreement on file, then the court had no jurisdiction to determine the merits of her suit for divorce and recovery of her interest in the community property, and that the only judgment the court could then render would be a dismissal of plaintiff's suit. Jurisdiction of the parties and of the subject-matter having already attached, it cannot be said that the judgment was void for the reason stated, and if it was reversible on that ground, plaintiff had an adequate remedy for relief by appeal, which she failed to prosecute without any legal excuse for such failure. Indeed, in one portion of appellant's brief it is argued that that judgment was not void, but merely voidable, and therefore it was necessary to present proof outside the record to sustain the cause of action asserted in this suit; citing Richards Medicine Co. v. Reeves (Tex. Civ. App.) 266 S. W. 594.

■ The paragraph in defendant's pleading designated as a plea in abatement was essentially a plea in bar, and, as shown in the judgment rendered, the order dismissing plaintiff's suit was on the ground that plaintiff had not shown sufficient grounds for setting aside the judgment in the divorce case. Nor did plaintiff offer any further testimony in support of her suit or pray for leave to amend her petition. And while that point has been suggested in oral argument here, no assignment of error has been filed presenting it; all assignments being addressed to the merits of her present suit. The following statement in 33 Tex. Jur. p. 531, is supported by numerous decisions there cited: "The standing and effect of a pleading are not determined by the 'style' given to it by the pleader, but by its content and the evident purpose for which it is offered. Thus, as the circumstances and the form of the pleading required, a so-styled supplemental pleading has been held to be in fact an amendment or an answer to a cross-petition; a so-called amendment has been treated as a trial amendment; a so-called plea in abatement has been treated as a plea in bar; a so-called set-off and counterclaim has been treated as being a defense to the action; and a pleading styled 'motion to dissolve injunction' has been regarded as a general denial of the averments of the petition and a prayer for dissolution."

For the reasons noted, the judgment of the trial court is affirmed.