## GRAVES v. SLATER.
### No. 9585.

Court of Civil Appeals of Texas. San Antonio.

May 22, 1935.

Rehearing Denied June 19, 1935.

Bliss & Daffan, of San Antonio, for plaintiff in error.

E. B. Simmons and Bert B. Thompson, both of San Antonio, for defendant in error.

SMITH, Justice.

This is an action brought by defendant in error, J. F. Slater, to set aside a judgment previously obtained against him by plaintiff in error, A. R. Graves.

It appears that Graves brought the original suit against Slater on January 31, 1933, to recover a broker's commission alleged to have been earned by the plaintiff. Citation issued in that case on April 4, 1933, and was served upon Slater on April 12. Slater ignored the suit, and Graves took judgment by default against him, at a subsequent term, on September 20, 1933. Slater filed no motion for new trial in that case, and the judgment therein, not being appealed from, became final. Subsequently, on November 21, 1933, Slater brought this action to set aside the judgment, upon the ground, after alleging meritorious defense, that after filing that suit Graves promised Slater not to further prosecute it, in consideration of defendant in error allowing him to continue his efforts to sell certain property on commissions. The trial judge submitted the case to a jury upon special issues, and upon their answers rendered judgment for Slater, setting aside the judgment complained of, and decreeing that Graves take nothing. The latter has brought writ of error.

The case is submitted upon voluminous record and briefs, which need not be pursued in detail.

To entitle a defendant to an order setting aside a judgment rendered against him at a former term, he must not only show that he had a meritorious defense in the original suit, but he must go further and show that he was prevented from making that defense by fraud, accident, or the acts of his adversary, wholly unmixed with any fault or negligence of his own. Johnson v. Templeton, 60 Tex. 238; Eddleman v. McGlathery, 74 Tex. 280, 11 S. W. 1100; Harn v. Phelps, 65 Tex. 592; Weaver v. Vandervanter, 84 Tex. 691, 19 S. W. 889; Lindsey v. Dougherty (Tex. Civ. App. writ ref.) 60 S.W.(2d) 300.

Tested by that familiar rule, defendant in error did not make out a case entitling him to relief against the former judgment with that degree of definiteness required in such cases. It is true that he testified, more in answer to plaintiff in error's questions than to his own counsel's, that plaintiff in error made the promise alleged, after the original suit was filed, but, upon further examination, he modified that testimony so effectively as to neutralize its effect and leave the very crux of his case in doubt, so that this court is unwilling to affirm the judgment upon such evidence.

Plaintiff in error raises questions of the validity and sufficiency of the injunction bond given by defendant in error in the court below, but those questions were rendered moot by the final decree for permanent injunction. Those are questions relegated, by reversal, to the trial court.

The judgment will be reversed, but the justice of the case and the unsatisfactory state of the evidence adduced below require that judgment be not here rendered, but that the cause be remanded for further proceedings in consonance with this opinion.

The original opinion herein will be withdrawn, and this substituted therefor.

Reversed and remanded.