## QUALLS v. SILER et al.

### No. 4387.

Court of Civil Appeals of Texas. El Paso.

June 1, 1944.

Rehearing Denied June 22, 1944.

J. Roy Qualls, in pro. per.

Whitehurst & Whitehurst, of Dallas (Wm. T. Whitehurst, of Dallas, of counsel), for appellees.

PRICE, Chief Justice.

This is an appeal from a judgment of the District Court of Dallas County, Sixty-Eighth District. J. Roy Qualls, by a proceeding in the nature of a bill of review, sought to set aside a former judgment of the court in cause No. 53301-B on the docket of the court. He is plaintiff in this cause and defendant in cause No. 53301-B. His four sisters were plaintiffs in cause No. 53301-B and defendants in this cause. Trial was before the court without a jury, the judgment that plaintiff Qualls take nothing, from which he has perfected this appeal.

The parties will be here designated as in the trial court.

On account of the rather confused state of the record it is difficult to set forth the issues involved with terseness. Plaintiff sought to have the former judgment set aside and to have the court partition to him a distinct and different tract of land from that awarded him in the assailed judgment, or to have a repartition of a tract of land consisting of about forty-eight acres situated in Dallas County. The plaintiff and defendants acquired their interests in the tract in question under the will of Mrs. Mary E. Qualls, which has been duly probated, and of which will plaintiff was independent executor.

The pertinent provision of the will is as follows:

"II. I further direct that after my executor who is hereinafter named has paid all of my just debts, including the expenses during my last illness and for my burial, that the remainder of my property of whatsoever kind and character, personal, real and mixed, be divided equally, share and share alike, to each of my five (5) children whose names are: J. Roy Qualls, Maggie M. McLeod, Lora V. Oldham, Pearl M. Rainwater and Lelia M. Siler. I now own two (2) tracts of land which join each other and in which there are forty-eight (48) acres in the first tract and nine and six-tenths (9.6) acres in the other tract and it is my wish and desire that these two tracts of land be considered as one and that the land then be divided into five (5) equal lots or parcels of land and that the said tracts then be numbered from one to five, respectively, and that the numbers be placed in a hat or some other container and with all of my said five children present it is my wish and suggestion that they draw numbers out of the hat and that they each have and own as their portion of said land the number of the tract which corresponds to the number drawn from the hat by each. In the event all of the children should prefer to divide the land among themselves without the suggested procedure it will, of course, be agreeable to me; but should one or more of said children desire that they draw numbers to see which tract of land should be owned by each, it is my desire that method be followed."

Prior to her death Mrs. Qualls sold the nine and six-tenths acres referred to in her will. After the debts of the estate had been paid, plaintiff, acting as independent executor, caused the tract referred to in the will as forty-eight acres to be surveyed in accordance with the direction of his mother's will. The surveyor made a map thereof, numbering the subsections thereof from 1 to 5, inclusive. Thereupon Mr. George A. Titterington, the attorney em-

ployed by plaintiff as independent executor to probate the will, notified plaintiff and defendants to come to his office in order that the devisees might draw to determine the respective tract each should take. Defendants responded to the notice to attend the drawing. Plaintiff failed to appear. Mr. Titterington notified plaintiff and defendants to appear at his office another time for the drawing, and defendants appeared but plaintiff would not do so. His ground of refusal was that prior to her death his mother had said she wanted him to have the tract numbered 5 on the surveyor's map of his survey. The drawing was held in the absence of plaintiff. One of the defendants, Mrs. Siler, drew tract No. 5, and the others, respectively, 2, 3 and 4. Mr. Titterington then had his secretary draw for plaintiff, and she, of course, drew tract No. 1. The evidence shows that the drawing was fairly conducted. Mr. Titterington then suggested partition deeds in accordance with the drawing. Plaintiff refused to execute such deed.

Sometime prior to April 14, 1941, defendants here, as plaintiffs, filed cause No. 53301-B, wherein plaintiff here was defendant. In the petition the facts of the subdivision of the tract were set up and as to the drawing, the provisions of the will of Mrs. Qualls with reference to the partition of the land between the devisees, the refusal of the defendant to be bound by the result of the drawing. Sought was the confirmation of the partition as attempted to be made in accordance with the will, and alternatively, a partition.

On April 14, 1941, plaintiff here filed his answer in that cause.

On a trial before the court on May 5, 1941, the judgment herein assailed was entered. This judgment awarded the plaintiff here tract No. 1, to the defendants here, plaintiffs there, the tract drawn by each, respectively. Plaintiff in open court excepted to the judgment and gave due notice of appeal. This appeal was never perfected, and the judgment became final. Before time for perfection of the appeal had expired, the attorney representing the plaintiff, Qualls, notified him that the proper steps should be taken to perfect the appeal. Mr. Qualls wrote his attorney in substance that he did not think he had been properly represented, and that the attorney should pay the expenses incidental to the appeal.

It is conceded that each of the five tracts of land are of equal value. The reason plaintiff wants tract 5 is because of his ownership of a tract of about fourteen acres adjacent thereto which he owns and owned independently of his mother's will.

The facts as set out here are reflected by the unattacked findings of the trial court and the undisputed evidence.

The plaintiff was not entitled to recover under the facts for two reasons: (1) He failed to show that through fraud, accident, or mistake he was prevented from urging the matters here urged by way of appeal from the judgment in cause No. 53301-B; (2) the evidence fails to show that he had a meritorious defense in cause No. 53301-B. 17 Tex.Jur. p. 28, § 26; Shook v. Shook, Tex.Civ.App., 145 S.W. 699, at page 704, writ denied.

The proper judgment was entered in cause No. 53301-B, and a proper judgment has been entered here.

It is thought unnecessary to discuss the contention of plaintiff that his mother could alter her will by parol.

The judgment of the trial court is affirmed.