**V. A. CATHCART, Appellant,**

v.

**Alice L. CHILDERS, Appellee.**

No. 3258.

Court of Civil Appeals of Texas.

Eastland.

Oct. 19, 1956.

Thomas & Thomas, Big Spring, for appellant.

Beall, Nunn & Griggs, Sweetwater, for appellee.

GRISSOM, Chief Justice.

On February 4, 1954, V. A. Cathcart sued Alice L. Childers in trespass to try title to an interest in some lots. The defendant answered by a plea of not guilty. On April 8, 1955, plaintiff's attorney obtained an order permitting him to withdraw from the case. On April 18, 1955, the defendant filed a motion to dismiss the suit for want of prosecution and a judgment dismissing the suit for that reason was rendered on that day. In the meantime plaintiff had employed new counsel, who, according to the plaintiff's pleadings, learned of defendant's motion to dismiss on April 19th, and on April 20th, filed a

motion to reinstate the case. Cathcart's original motion to reinstate contained allegations that his case was "inadvertently" dismissed by the court; the withdrawal of plaintiff's original counsel and employment of new counsel and that the new counsel had not apprised the court of his employment; that he arranged with defendant's counsel to take the depositions of the parties on a certain day but the court reporter could not then take the depositions and they passed the matter to another date to be agreed upon; that plaintiff had a good cause of action which he should be allowed to present; that defendant did not show that any damage would be suffered by the delay and that defendant's counsel did not communicate with plaintiff's until he sent him a copy of defendant's motion to dismiss. This original motion to reinstate was filed on April 20th, two days after plaintiff's suit was dismissed, at the same term in which the judgment of dismissal was rendered, which term did not expire until the fourth Monday in June, 1955. On April 22nd, two days after the motion to reinstate was filed, the defendant filed an answer thereto. The record does not show that the original motion to reinstate was ever presented to the court or ever judicially acted upon.

On July 25, 1955, plaintiff filed an amended petition. On February 23, 1956, three terms of court having expired since the original motion was filed, plaintiff filed an "amended motion to reinstate" his case, which he alleged was "inadvertently dismissed by the court on April 18, 1955. He then excepted to defendant's answer to his original motion to reinstate, which had been filed in April, 1955, at the same term the case was dismissed. Plaintiff then alleged the withdrawal of plaintiff's first counsel, employment of second counsel; that the employment of second counsel had not been noted on the court's docket, but that said new counsel got in touch with defendant's counsel and told him he was employed and wanted to take the depositions of the parties and a day was agreed

upon; that on that day the court reporter was unable to take the depositions and it was agreed that they would pass the case for the time being and take the depositions later; but within five or six days thereafter defendant's counsel filed a motion to dismiss plaintiff's case and immediately presented it to the court, without notice of a hearing to plaintiff's counsel, and that on the same day the court entered an order dismissing the suit;. that. the court did not know plaintiff had employed new counsel; that defendant's attorney sent a: copy of the motion to dismiss to plaintiff's new counsel on the same day he presented his motion to dismiss; that this was received the day after the case was: dismissed and plaintiff's original motion to reinstate was filed the following day; that the trial judge did not know that Cathcart had employed new counsel; that defendant's counsel failed to reveal the facts to the court, failed to inform the court that it had agreed to "pass the taking of the oral depositions" and failed to inform the court that he had not notified plaintiff's counsel of said motion; that, under the circumstances, the court was compelled to dismiss the case. Plaintiff prayed the court "to reinstate this cause of action" because plaintiff's new counsel had "inadvertently". failed to inform the court that he was employed and defendant's counsel failed to give due notice to plaintiff's counsel and "under such circumstances procured the order of dismissal by unethical methods"; that plaintiff had a good cause of action which he should be allowed to present; that in July and August, 1955, plaintiff's counsel was on vacation and in September he went to a hospital and had two operations and was unable to attend to his work until February 1, 1956; "(e) That this Plaintiff not only admits but affirms that the term of the District Court of Howard County, Texas, in which this motion to reinstate was first styled is now long past *and one or more terms has intervened since then,* but notwithstanding such this Court has jurisdiction of the Motion to Reinstate

now at this time, and has the same authority to reinstate the same as he would have had during the same term in which the Court entered an Order of Dismissal"; that plaintiff had a good and meritorious. cause of action, as set out in plaintiff's. petitions; that after an agreement to pass. the case for the time being and take oral depositions plaintiff's counsel told defendant's counsel he would have, to make new. parties and file an amended petition; that he had a good cause of action, as shown by his amended petition, which he alleged was. included in said motion; wherefore, plaintiff prayed that the court *"now reinstate this cause of action and set it down for trial—."* (Italics ours.)

On February 27, 1956, the court "overruled" said amended motion to reinstate, reciting that the original motion to reinstate was filed April 20, 1955, during the term at which the case was dismissed; that said term had expired and other terms had intervened, which facts were admitted' by plaintiff in his amended motion. The. court found as a matter of law that since plaintiff's motion to reinstate was not acted on during the term in which plaintiff's. suit was dismissed it had lost jurisdiction. Plaintiff has attempted to appeal from the order overruling said amended motion to. reinstate.

We think the trial court correctly concluded it had lost jurisdiction of· the motion to reinstate when it purported to· act on the amended motion in 1956. The original motion to reinstate had been overruled by operation of law several terms. prior thereto. The amended motion was not filed within twenty days after the original. It was filed after three terms had' expired. It was a nullity and should .have. been dismissed for want of jurisdiction.. Texas Rules of Civil Procedure, rule 329– b, par. 2; Vernon's Ann.Civ.St. Article. 199, subd. 118; Valley Transport Co. v. Lopez, Tex.Civ.App., 263 S.W.2d 830, 831 (Writ Ref.); Peurifoy v. Wiebusch, 125 Tex. 207, 82 S.W.2d 624, 626; National

Life & Accident Ins. Co. v. Collins, Tex. Civ.App., 224 S.W.2d 285, 287 (Writ Ref.); Barnes v. Raymer, Tex.Civ.App., 224 S.W. 2d 516; Ferguson v. Commissioners Court of Sabine County, Tex.Civ.App., 230 S.W. 2d 303, 307; Bowman v. Traders & General Ins. Co., Tex.Civ.App., 219 S.W.2d 148, 150 (Writ Ref.); Jones v. Campbell, Tex.Civ.App., 188 S.W.2d 679 (Writ Ref.). The original motion was neither presented nor acted upon at the term in which it was filed nor at the succeeding term. In fact, it was never presented nor judicially determined. If not previously overruled by operation of law, it was certainly so overruled forty-five days after it was filed, that is, in June, 1955. R.C.P. 329-b, par. 4.

■ Plaintiff could then have appealed from the judgment of dismissal. Eddleman v. McGlathery, 74 Tex. 280, 11 S.W. 1100. Having failed to timely present his motion and to appeal plaintiff lost the right to proceed by bill of review. He could have presented in the trial court at the term his original motion was filed every matter later attempted to be presented by bill of review. Long v. Smith, 39 Tex. 160, 161. Since the original motion to reinstate the dismissed case was filed during the same term in which the judgment was rendered, setting out substantially the same matters alleged in the amended motion to reinstate, filed in February, 1956, and plaintiff then knew and could have presented every matter alleged in the amended motion, he cannot now maintain a bill of review because he did not avail himself of his adequate remedies at law of presenting his motion and appealing. He could have presented all the evidence in support of his motion at the term in which it was filed. We must presume that if he had done so and had shown himself entitled thereto the court would have sustained his motion. If the court had erroneously overruled his motion he could and should have protected his rights by appealing from the judgment dismissing his case for want of prosecution.

■ The judgment of dismissal was not void, regardless of whether or not it was erroneous. It was a final judgment and the court could not after the time fixed by the rules expired reinstate the case and set aside the final judgment dismissing his case. Eddleman v. McGlathery, 74 Tex. 280, 11 S.W. 1100. Since plaintiff did not avail himself of his adequate and available legal remedies of timely presenting his motion to reinstate and appealing from the judgment of dismissal he cannot now maintain a bill of review. Shook v. Shook, Tex.Civ.App., 145 S.W. 699, 704 (Writ Ref.); Trigg v. Trigg, Tex.Civ. App., 83 S.W.2d 1066, 1070; Mercer v. Campbell, Tex.Civ.App., 86 S.W.2d 811, 812, and Long v. Smith, 39 Tex. 160, 161, 162.

■ The amended motion to reinstate was not a bill of review. It does not appear to have been intended as a bill of review. It is inadequate as such. Backus v. Roper, Tex.Civ.App., 195 S.W.2d 261, 263. It is essentially the same as the original motion to reinstate filed during the term at which plaintiff's case was dismissed. Plaintiff knew every material fact when he filed his original motion. The motion is utterly devoid of any allegation excusing plaintiff's lack of diligence in failing to timely present his original motion to reinstate and appeal from the judgment. In Gehret v. Hetkes, Tex.Com.App., 36 S.W. 2d 700, 702, the court said, "A positive averment of a valid excuse for not obtaining relief by a motion for new trial is essential in a bill of review to set aside a judgment after the expiration of the term at which it was rendered." It has been repeatedly held that our courts will not set aside a final judgment rendered at a former term if the party has failed to avail himself of all adequate legal remedies. Qualls v. Siler, Tex.Civ.App., 183 S.W.2d 750, 751 and 17 Tex.Jur. 11, 31 and Hacker v. Hacker, Tex.Civ.App., 110 S.W.2d 923.

■ The amended motion and the order purporting to overrule it were nullities.

Starr County v. Guerra, Tex.Civ.App., 282 S.W.2d 304. An appeal was not attempted until after the order of February, 1956, and was not undertaken in time to give this court jurisdiction. Magnolia Petroleum Company v. Klingman, Tex.Civ.App., 242 S.W.2d 950, 952 (Writ Ref.); Arana v. Gallegos, Tex.Civ.App., 279 S.W.2d 491; Garvin v. Hufft, Tex.Civ.App., 243 S.W.2d 391 (RNRE); Riggs v. Bartlett, Tex.Civ.App., 286 S.W.2d 669 (RNRE), and Moore v. Decuir, Tex.Civ.App., 286 S.W. 471 (Writ Ref.).

The appeal is dismissed.