**HOME FUND, INC., Appellant,**

v.

**DENTON FEDERAL SAVINGS & LOAN ASSOCIATION et al., Appellees.**

No. 17335.

Court of Civil Appeals of Texas, Fort Worth.

Sept. 22, 1972.

Rehearing Denied Oct. 27, 1972.

**846**

Stark & Barnhart, and Richard S. Stark, Gainesville, for appellant.

Minor & Knight, and Tom D. Jester, Jr., Denton, for appellee, Denton Federal Savings & Loan Assn.

L. Royce Coleman, Jr., Denton, for appellees, O. D. Garland, Billy W. McCollum and Mrs. Eula Grace Cain.

## OPINION

BREWSTER, Justice.

This is an attempted appeal by the plaintiff, Home Fund, Inc., from a nunc pro tunc decree that was rendered in favor of the defendants in the case on November 29, 1971.

At the outset we are confronted with deciding the question of whether plaintiff has timely perfected an appeal from that nunc pro tunc decree as is required by the Rules of Civil Procedure.

It is undisputed that the appellant did not in fact give a notice of appeal or file an appeal bond herein or file a motion for new trial herein *after* the rendition of the nunc pro tunc decree on November 29, 1971. It is also undisputed that appellant did not give a notice of appeal from the nunc pro tunc decree and that it did not file herein at any time an appeal bond for the specific purpose of perfecting an appeal from that nunc pro tunc decree. It is also undisputed that plaintiff did not file a motion for new trial assailing the rendition of the nunc pro tunc decree.

A jury trial was had on the merits of this case and after the jury verdict was returned on January 25, 1971, the trial court

did sign and render an original judgment on February 9, 1971, which provided that the plaintiff take nothing by its suit and that certain named defendants recover the title and possession of the land involved and of all personalty located on such lands.

The plaintiff then started out to appeal from that original decree. In that connection it did the following things: (1) on February 19, 1971, it filed its original motion for new trial; (2) on March 11, 1971, it filed its amended motion for new trial; (3) on April 26, 1971, it filed a notice of appeal; and (4) on either May 10, 1971, or May 17, 1971 (the record conflicts) the plaintiff filed an appeal bond which recited therein the rendition of the February 9, 1971, original decree and that plaintiff desiring to appeal therefrom was filing that appeal bond.

■ The record does not show that plaintiff's motion for new trial was ever acted on by the trial judge. Under Rule 329b, Sec. 3, Texas Rules of Civil Procedure, the amended motion for new trial was therefore overruled by operation of law on April 25, 1971.

Rule 386, T. R. C. P., required appellant to file its transcript and statement of facts with the clerk of the Court of Civil Appeals within 60 days from the date the motion for new trial was overruled. Appellant did not comply with that rule and took no further steps toward appealing the February 9, 1971 decree, because no papers whatever were filed in this appeals court in connection with the appeal that was started from that original decree of February 9, 1971.

■ The timely filing of the transcript as required by Rule 386, T. R. C. P., was mandatory and was necessary in order to invoke this appellate court's jurisdiction in connection with an appeal from the original decree of February 9, 1971. Donnelly v. Donnelly, 241 S.W.2d 754 (Tex.Civ.

App., 1951, no writ hist.); Ortiz v. Associated Employers Lloyds, 294 S.W.2d 880 (Tex.Civ.App., 1956, no writ hist.); and Whitt v. Hartgraves, 412 S.W.2d 344 (Tex.Civ.App., 1967, no writ hist.).

It is thus clear that we would be required to dismiss an appeal from the original decree because of the fact that the transcript was not filed within the time required by the rules.

Rule 306c provides: "No motion for new trial or appeal bond . . . nor notice of appeal shall be held ineffective because prematurely filed; but every such motion shall be deemed to have been filed on the date of but subsequent to the rendition of *the judgment the motion assails,* and every such appeal bond . . . or notice of appeal shall be deemed to have been filed on the date of but subsequent to the rendition of the judgment appealed from or from the date of the overruling of motion for new trial, if such a motion is filed." (Emphasis supplied.)

■ It is appellant's contention that it is by virtue of the application of this Rule 306c to the facts of this case that it has perfected its appeal from the nunc pro tunc decree of November 29, 1971. Appellant's reasoning is that it is entitled, because of that rule, to have the motions for new trial, the notice of appeal and the appeal bond, all of which it filed for the purpose of assailing the February 9, 1971, original judgment and which instruments it filed for the purpose of perfecting an appeal from that decree, considered as if they were filed on November 29, 1971, after the nunc pro tunc decree of that date was rendered. None of these instruments attacked the rendition of the nunc pro tunc decree and none were filed for the purpose of perfecting an appeal from that decree.

We disagree with appellant's contention and hold that appellant has not perfected an appeal from the nunc pro tunc decree as required by the rules.

It will be noted that the filing of the statement of facts and transcript in connection with this appeal occurred on March 17, 1972, which was 109 days after the nunc pro tunc decree was rendered on November 29, 1971.

If no motion for new trial was filed after the rendition of the nunc pro tunc decree, it is apparent that the statement of facts and transcript were not filed within the 60 days after the rendition of the decree as is required by Rule 386, T. R. C. P.

If Rule 306c relating to prematurely filed motions, etc., gives appellant the right to consider the motions for new trial that it filed assailing the original decree of February 9, 1971, as attacking the later rendered nunc pro tunc decree and as having been filed on November 29, 1971, after the rendition of that decree, then the transcript and statement of facts would be timely filed in view of the fact that we granted an extension of time as provided for by Rule 386, T. R. C. P.

Both the original and amended motions for new trial filed by appellant assailed the rendition of the February 9, 1971, judgment. They did not purport to and were not meant to assail the rendition of the nunc pro tunc decree rendered many months later on November 29, 1971. Rule 306c expressly says in substance that a prematurely filed motion for new trial shall be deemed to have been filed ". . . on the date of but subsequent *to the rendition of the judgment the motion assails, . . . .*" (Emphasis supplied.)

We hold that since neither of appellant's motions for new trial assailed the rendition of the nunc pro tunc decree that they do not fall within the category of being prematurely filed motions within the meaning of Rule 306c.

■ Appellant therefore has no motion for new trial, in so far as the nunc pro tunc decree is concerned. The 60 day period appellant had in which to file a tran-script in connection with this appeal therefore started to run from the date of rendition of the nunc pro tunc decree—November 29, 1971. Appellant let 109 days go by before filing it. Under these circumstances we are required to dismiss the appeal from the nunc pro tunc decree because it was ˙necessary that the transcript be timely filed in order to invoke this court's jurisdiction.

■ We also hold that it was necessary in order to perfect an appeal in this case that appellant give notice of appeal from the decree being appealed from: to-wit, the nunc pro tunc decree, and that an appeal bond also be filed in connection with his attempt to appeal from that decree. We hold that it is only in instances where these things are done that Rule 306c is applicable to instruments that are therein designated that are prematurely filed.

■ We are convinced that Rule 306c does not apply to motions for new trial, notices of appeal or appeal bonds that are filed in connection with appeals˙ from decrees other than the one that is sought to be set aside by the appeal that is before the court.

Appellant did not satisfy the requirements that it give notice of appeal and file an appeal bond in perfecting an appeal from the nunc pro tunc decree by pointing out that it had many months prior to the rendition of the nunc pro tunc decree being appealed from filed in the case a notice of appeal from a different decree and an appeal bond that recited the rendition of the earlier decree and that the bond was being filed in connection with an appeal from the earlier decree.

The appellant here is therefore in the position of not giving notice of appeal from the nunc pro tunc decree and of having filed no appeal bond for the purpose of appealing from that decree, and of not invoking the jurisdiction of this Court by fil-

ing a transcript within 60 days after rendition of the nunc pro tunc decree.

Under those circumstances it is our duty to dismiss the appeal.

The appeal is dismissed at appellant's costs.