Meryle Wayne **REITMEYER, et ux.,** et al., Relators,

v.

Honorable J. F. **CLAWSON, Jr., Judge,** et al., Respondents.

No. 13670.

Court of Appeals of Texas, Austin.

June 2, 1982.

William H. Daniel, McGinnis, Lochridge & Kilgore, Austin, for relators.

George B. Dulany, Belton, for respondents.

SHANNON, Justice.

This is an original proceeding filed in this Court by relators [1] to obtain writs of prohibition and injunction to prevent an alleged interference with this Court's jurisdiction, pending disposition by this Court of the merits of an appeal. The pending appeal is by relators from the judgment of the district court of Bell County in favor of respondents Norman and Rita Sherman against relators. The alleged interference with this Court's jurisdiction is respondents' effort to obtain post-judgment discovery from relators after relators filed a supersedeas bond.

The sole question to be decided in this proceeding is whether relators have perfected an appeal of the district court's judgment. If relators have perfected the appeal, then this Court should issue a writ prohibiting respondents from continuing post-judgment discovery since such discovery would plainly be an interference with the Court's jurisdiction. See Tex.R. Civ.P. 621a (post-judgment discovery permissible if judgment not suspended by supersedeas bond). If, on the other hand, relators have not perfected an appeal, this Court has no basis to prohibit respondents from proceeding with post-judgment discovery.

The district court signed the judgment on November 9, 1981. Relators had thirty days after November 9, 1981 either (1) to file a motion for new trial or a motion to modify or correct the judgment pursuant to Tex.R.Civ.P. 329b(a), (g), or (2) to perfect the appeal by filing a cost bond or affidavit in lieu thereof. Tex.R.Civ.P. 356(a). Relators did neither.

Nevertheless, thirty-one days after November 9, 1981, on December 10, 1981, relators filed an untimely motion to reform the

---

1. Relators are Meryle Wayne Reitmeyer, Darlene Reitmeyer, Douglas Reitmeyer, and Central Mechanical, Inc.

November 9, 1981 judgment.[2] Coincidentally, on that same day respondents' attorney discovered the district court had left blank the space for the amount of costs awarded in the November 9th judgment. At the request of respondents' attorney, the district court wrote in costs of $262 on the face of the judgment and initialed that entry.

Relators argue that the district court's entry of costs on the November 9th judgment was, in effect, a judgment nunc pro tunc, and the appellate timetable should run from that date, December 10, 1981. Tex.R.Civ.P. 306b. We accept relators argument.

■ Texas R.Civ.P. 317 provides:

Where in the record of any judgment or decree of a court, there shall be any *omission* . . . of a sum or sums of money . . . if there is among the records of the cause any verdict or instrument of writing whereby such judgment or decree may be safely amended, it shall be corrected by the court . . . upon application of either party, according to the truth and justice of the case. The opposite party shall have reasonable notice of the application for such amendment.

(Emphasis added). A judgment nunc pro tunc lies only if the error or omission in the original judgment is a *clerical* error, rather than a judicial error. *Coleman v. Zapp*, 151 S.W. 1040, 1042 (Tex.1912). If the court's actual judgment as to costs is not properly reflected in the judgment document, a clerical error is presented and the error may be corrected by judgment nunc pro tunc. *O'Neil v. Norton*, 33 S.W.2d 733, 734 (Tex. Comm'n App.1931, judgmt adopted); *Weaver v. Humphrey*, 114 S.W.2d 609, 610 (Tex.Civ.App.1938, writ dism'd). In the case on appeal, the district court made a later finding of fact that its December 10th addition of costs was the amount of costs for which relators were liable in the November 9th judgment. The district court had simply failed, through oversight, to enter that amount of costs when it signed the judgment on November 9. No further deliberative process or judicial reasoning concerning costs was required of the district court after November 9; therefore the December 10th entry of costs was a clerical act by the district court. *See Petroleum Equipment Financial Corp. v. First National Bank*, 622 S.W.2d 152, 154 (Tex.Civ.App. 1981, writ dism'd). Therefore, this Court has concluded that the district court rendered a judgment nunc pro tunc on December 10, 1981 and the time for perfecting appeal from that judgment to this Court ran from that date.

■ Although the appellate timetable ran from December 10, 1981, relators, nevertheless, have not perfected an appeal to this Court. Relators concede they did not file a cost bond or its proper substitute within thirty days of December 10 as required by Rule 356(a). Relators also concede, as they must, that they never filed a motion for new trial or a motion to modify, correct, or reform the district court's December 10th nunc pro tunc judgment as required by Rule 329b. Relators, however, argue the time for perfecting their appeal was extended because their motion to reform the *November 9th* judgment was filed the same day (December 10) the district court entered the judgment nunc pro tunc. Relators contend that under Tex.R.Civ.P. 306c the motion to reform should be considered to be filed subsequent to the judgment nunc pro tunc, thereby having the effect of extending relators' time to file the cost bond ninety days after December 10. *See* Rule 356(a).

Relators' argument is contrary to the language of Rule 306c. That rule states:

No motion for new trial . . . shall be held ineffective because prematurely filed; but every such motion shall be deemed to have been filed on the date of but subsequent to the rendition of *the judgment the motion assails* . . . .

2. Relators' motion to reform referred to the judgment of the trial court entered on November "10th." The record plainly shows, however, that relators' motion could only refer to the judgment signed by the court on November 9, 1981.

(Emphasis added). Pursuant to the emphasized language of Rule 306c,[3] a prematurely filed motion is effective only as to "the judgment the motion assails." Relators' motion to reform attacks only the district court's original November 9th judgment. The motion does not in any way refer to the district court's action of December 10. Since the motion to reform is not referable to the judgment nunc pro tunc, relators have not perfected an appeal to this Court. *Wilson v. Worley*, 562 S.W.2d 22 (Tex.Civ. App.1978, writ ref'd n.r.e.); *Home Fund, Inc. v. Denton Federal Savings & Loan Ass'n*, 485 S.W.2d 845 (Tex.Civ.App.1972, no writ); *Dubert v. Adkins*, 475 S.W.2d 383 (Tex.Civ.App.1971, no writ); *see also Poulter v. Poulter*, 565 S.W.2d 107, 109 (Tex.Civ. App.1978, no writ); *Flesher Construction Co. v. Hauerwas*, 491 S.W.2d 202, 204 (Tex. Civ.App.1973, no writ). *But see N.E.I. Corporation v. Glen McMillan Developing Co.*, 550 S.W.2d 113, 116 (Tex.Civ.App.1977, no writ); *Capitol Life Insurance Co. v. Rutherford*, 468 S.W.2d 535, 536 (Tex.Civ.App. 1971, no writ).

Because relators did not perfect an appeal to this Court from the December 10, 1981, judgment, this Court has no authority to enter orders prohibiting respondents from proceeding with post-judgment discovery, and relators' petition is denied. The temporary order previously rendered by this Court restraining respondents from post-judgment discovery is dissolved.

---

**3.** Rule 306c, by its express terms, applies only to motions for new trial. However, Rule 329b(g) provides:

> [a] motion to modify, correct, or reform a judgment ... if filed, shall be filed and determined within the time prescribed by this rule for a motion for new trial and shall extend the trial court's plenary power and the time for perfecting an appeal in the same manner as a motion for new trial.

Since the thrust of Rule 329b is to treat motions to modify, correct, or reform a judgment the same as a motion for new trial, we are of the view that Rule 306c implicitly applies to motions to modify, correct, or reform a judgment.