In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-06-00118-CV


______________________________




DONELL WILLIAMS, Appellant



V.



ALEXANDER RAY TYRA, Appellee




 


On Appeal from the 188th Judicial District Court


Gregg County, Texas


Trial Court No. 2006-573-A




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Moseley



MEMORANDUM OPINION



 Donell Williams was arrested by law enforcement agents on drug charges August 29, 2001.
Cash, guns, and other items were taken from him and were the subject of forfeiture proceedings. By
a petition filed March 6, 2006, Williams brought suit against Maxey Cerliano (sheriff of Gregg
County), Danny Butler (apparently a deputy sheriff of Gregg County), the Gregg Organized Drug
Enforcement Unit, and Alexander Ray Tyra (an attorney whom Williams alleged represented him),
alleging that much more money was taken from him than was turned in to the authorities; he alleged
fraudulent conspiracy among all of the defendants and sought recovery under the federal Racketeer
Influenced and Corrupt Organizations Act. One by one, the defendants filed motions for summary
judgment, all of which were granted, until only Tyra remained. 

 On October 20, 2006, Tyra then filed a motion for summary judgment, to which Williams
filed no response, although the certificate of service on the motion reflected that a copy of the motion
had been sent to Williams on the same date the motion was filed. 

 Two judgments were signed on November 13, 2006: a judgment of dismissal with prejudice
for want of prosecution and a summary judgment dismissing the claim against Tyra. Williams
appeals from the judgment of dismissal with prejudice for want of prosecution and makes no
mention of the order granting summary judgment.

 The trial court, on the same day that it granted Tyra's motion to dismiss for want of
prosecution, it also granted his motion for summary judgment, dismissing the suit brought against
him by Williams. The trial court's docket sheet on that date first reflects that "Case called at docket
call. Plaintiff failed to appear. DWOP" and then, in a second and separate entry, states, "Granted
Tyra Motion for Summary Judgment." The court's record reveals that the clerk then sent Williams
a notice of default judgment.

 Although a docket entry cannot be used to contradict or prevail over a final judicial order,
it can supply facts in certain situations. N-S-W Corp. v. Snell, 561 S.W.2d 798, 799 (Tex. 1977). 
Here, the docket sheet shows that the trial court entered the summary judgment after the dismissal
for want of prosecution. Under the Texas Rules of Civil Procedure, the trial court has plenary power
to grant a new trial, or vacate, modify, correct, or reform a judgment within thirty days after signing
a final judgment. See Tex. R. Civ. P. 329b(d); Lane Bank Equip. Co. v. Smith S. Equip., Inc., 10
S.W.3d 308, 310 (Tex. 2000). 

 There can only be one final judgment. Tex. R. Civ. P. 301. A trial court retains plenary
power to grant a new trial or to vacate, modify, correct, or reform a judgment within thirty days after
the judgment is signed. Tex. R. Civ. P. 329b(d); First Alief Bank v. White, 682 S.W.2d 251, 252
(Tex. 1984). In this case, the trial court acted within its plenary power in substituting the summary
judgment for the judgment of dismissal for want of prosecution.

 Since the order from which Williams has appealed is defunct, having been superseded, it is
not a final and appealable judgment from which an appeal can be prosecuted. See Poulter v. Poulter,
565 S.W.2d 107, 109 (Tex. Civ. App.--Tyler 1978, no writ); Home Fund, Inc. v. Denton Fed. Sav.
& Loan Ass'n, 485 S.W.2d 845, 848 (Tex. Civ. App.--Fort Worth 1972, no writ).

 We dismiss the appeal for want of jurisdiction.



 Bailey C. Moseley

 Justice


Date Submitted: June 7, 2007

Date Decided: June 8, 2007




d discretion to determine the suitable disposition of the
juvenile. See K.K.D., 2004 Tex. App. LEXIS 7166, at *5 (citing In re C.C., 13 S.W.3d 854, 859
(Tex. App.--Austin 2000, no pet.)). The statutorily required findings are stated in the following
way:

 (i) If the court places the child on probation outside the child's home or
commits the child to the Texas Youth Commission, the court:

 

 (1) shall include in its order its determination that:

 

 (A) it is in the child's best interests to be placed outside the

 child's home;

 

 (B) reasonable efforts were made to prevent or eliminate
the need for the child's removal from the home and to make it
possible for the child to return to the child's home; and

 

 (C) the child, in the child's home, cannot be provided the
quality of care and level of support and supervision that the child
needs to meet the conditions of probation . . . .

Tex. Fam. Code Ann. § 54.04 (i)(1). In this case, those findings were explicitly made in the order
of commitment and have not been challenged on appeal. Thus, the trial court had broad discretion
in choosing the disposition for J.R.C. See C.C., 13 S.W.3d at 859.

 The State also directs our attention to In re G.L.C.P., No. 02-06-00293-CV, 2007 Tex. App.
LEXIS 3621 (Tex. App.--Fort Worth May 10, 2007, no pet.), and In re J.L.C., No. 2-06-00252-CV, 
2007 Tex. App. LEXIS 3063, at *9 (Tex. App.--Fort Worth Apr. 19, 2007, no pet.). In G.L.C.P.,
the Fort Worth appellate court addressed a similar argument while determining whether commitment
to the TYC was an available disposition. That court determined that the TYC was an available
disposition and, after noting that the record showed that prior efforts to keep G.L.C.P. at home had
failed, concluded that it was in his best interest to be placed outside the home and that the trial court
had not abused its discretion by committing him to the TYC.

 In J.L.C., the Fort Worth court refused to conclude that the trial court abused its discretion
by finding that commitment was a more appropriate disposition in the absence of any testimony to
show why the "Family Preservation" aspect of Tarrant County Juvenile Services would be a viable
option. J.L.C., 2007 Tex. App. LEXIS 3063, at *9.

 The San Antonio court of appeals was faced with a case having a different posture, in In re
S.G., No. 04-04-00475-CV, 2005 Tex. App. LEXIS 2560, at *5 (Tex. App.--San Antonio Apr. 6,
2005, no pet.). In that modification case, the State's witness admitted (and the trial court found) that
many local remedies had been exhausted and suggested it was time for the State, rather than the
county, to begin paying for S.G.'s upkeep. The trial court modified the disposition from probation
and committed her to the TYC. The appellate court found that the stated reason to send the juvenile
to the TYC--making the State pay to care for S.G.--did not conform to the stated goals of the
juvenile justice code and, thus, the trial court had no proper reason to commit S.G. to the TYC. Id. (4) 
 The El Paso court of appeals also addressed a similar issue in a modification case in In re
E.R.L., 109 S.W.3d 123 (Tex. App.--El Paso 2003, no pet.). The court considered itself "informed"
by the required findings set out in Section 54.04(i), and then looked to see if there was evidence to
support the decision of the trial court to place the juvenile in a program that was not the least
restrictive available. The appellate court ultimately concluded that there was evidence supporting
the trial court's decision to send E.R.L. to the TYC, even though other options were available.

 Neither the State's premise nor its conclusion are supported by the cited cases. The State's
comment that it did not have a duty to show that a TYC commitment was a superior result is correct. 
But that premise does not lead to the conclusion that evidence of the nature or existence of
alternatives to TYC commitment is irrelevant, or that such a determination is effectively
nonreviewable on appeal. None of the cases cited by the State explicitly takes the position argued
by the State in this appeal, and we reject the proposition that the choice of disposition of a juvenile
may never be reviewed by an appellate court--that only the decision to commit may be reviewed.

 Modifying a juvenile's probation is a decision which is within the sound discretion of the trial
court; such a decision can be reversed only on a finding that the trial court abused that discretion.
Tex. Fam. Code Ann. § 54.05 (Vernon Supp. 2006); In re J.P., 136 S.W.3d 629, 632 (Tex. 2004);
In re M.A., 198 S.W.3d 388, 390-91 (Tex. App.--Texarkana 2006, no pet.). A trial court abuses
its discretion when it acts arbitrarily or unreasonably or without reference to guiding rules or
principles. M.A., 198 S.W.3d at 391. A trial court does not abuse its discretion if some evidence
supports the decision. J.L.C., 2007 Tex. App. LEXIS 3063, at *9; see Furr's Supermarkets, Inc. v.
Bethune, 53 S.W.3d 375, 379 (Tex. 2001); see also Estrello v. Elboar, 965 S.W.2d 754, 758 (Tex.
App.--Fort Worth 1998, no pet.); Holley v. Holley, 864 S.W.2d 703, 706 (Tex. App.--Houston [1st
Dist.] 1993, writ denied). In other words, whether there is factually sufficient evidence to support
the trial court's findings is a relevant consideration in determining whether the trial court abused its
discretion. In re C.J.H., 79 S.W.3d 698, 702 (Tex. App.--Fort Worth 2002, no pet.); see Beaumont
Bank, N.A. v. Buller, 806 S.W.2d 223, 226 (Tex. 1991); Tex. Dep't of Health v. Buckner, 950 S.W.2d
216, 218 (Tex. App.--Fort Worth 1997, no writ).

 We must review the sole appellate issue in light of the discretionary authority of the trial
court. A trial court is not required to exhaust all possible alternatives before sending a juvenile to
the TYC. M.A., 198 S.W.3d at 391. The Texas Family Code permits a trial court to decline third
and fourth chances to a juvenile who has abused a second chance. J.P., 136 S.W.3d at 633. 

 This record contains some evidence about the nature of the STOP program, and some
evidence about its potential usefulness in rehabilitating J.R.C. There was also evidence, however,
that J.R.C. had failed to complete one type of local program successfully, and the managers of that
program indicated that he had not altered his behavior. There was evidence that J.R.C. was on the
receiving end of the hostility of other students at Brookhaven because he provoked them. There is
nothing shown by this record that would require the trial court to commit J.R.C. to STOP rather than
to the TYC. The evidence was thus not such as to require us to conclude that the trial court abused
its discretion by deciding to commit J.R.C. to the TYC. 

 We affirm the judgment.


 Josh R. Morriss, III

 Chief Justice


Date Submitted: August 2, 2007

Date Decided: October 11, 2007
1. STOP provides a residential environment option for certain male juveniles who have been
adjudicated for sexual conduct and have been ordered to participate in residential treatment before
they return home.
2. The document involved--as the witness explained--incorrectly stated that his counseling
with Debra Moore had ended unsuccessfully, rather than simply noting that there was a change in
counselor. 
3. As support for its argument, the State analogizes to the procedure followed in adult
convictions. It argues that appellate courts would not review whether a defendant was sentenced to
a particular type of imprisonment, or in a particular type of facility. Thus, the State posits, the
particular disposition made in a juvenile case should not be reviewable.
4. See  In  re  L.D., No. 12-06-00193-CV,  2007  Tex.  App.  LEXIS  1714  (Tex. App.--Tyler
Mar. 2, 2007, no pet.). In that appeal, the monetary problem was also raised, but the trial court had
made explicit findings that the child was a danger to the public, and it was apparent that the court
had considered the progressive sanction guidelines found in Sections 59.005-59.015 of the Texas
Family Code, and decided that deviating from those guidelines and committing L.D. to the TYC was
appropriate. Thus, the appellate court concluded that the trial court did not abuse its discretion by
so deciding.