In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-08-00040-CV


______________________________




COY LYNN OWENS AND LINDA OWENS, Appellants



V.



COY E. OWENS, Appellee




 


On Appeal from the 62nd Judicial District Court


Hopkins County, Texas


Trial Court No. CV36520




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Carter



MEMORANDUM OPINION



 Coy Lynn Owens and Linda Owens have filed notices of appeal specifying that they appeal
from the trial court's judgment signed October 29, 2007. (1) Coy E. Owens, appellee, has filed a
motion to dismiss for want of jurisdiction, claiming that the notice of appeal was untimely. In
determining our jurisdiction, we have been provided with the following information by the district
clerk (and in one instance by appellant, Coy Lynn Owens):

 October 29, 2007 Judgment signed


 November 28, 2007 Judgment Nunc Pro Tunc signed


 December 13, 2007 Joint Motion for New Trial Filed (specifying judgment nunc pro tunc
signed November 28, 2007)


 December 28, 2007 (Judgment furnished by appellant indicating signing date of
December 28, 2007). No judgment containing this date is in the
records of the district clerk. This document is an exact duplicate as
to content of the previous Judgment Nunc Pro Tunc, and was file-marked on the same date as that judgment (November 28, 2007). It
is marked as a "Copy" and shows a December 28, rather than a
November 28, date of signing.

 

 March 28, 2008 Coy Owens' Notice of Appeal (specifying an appeal from judgment
signed October 31, 2007)


 March 31, 2008 Linda Owens' Notice of Appeal (specifying an appeal from judgment
signed October 31, 2007)


 April 10, 2008 Linda Owens' First Amended Notice of Appeal (specifying an appeal
from judgment signed October 31, 2007)


 April 10, 2008 Coy Owens' First Amended Notice of Appeal (specifying an appeal
from judgment signed October 31, 2007)


 In this case, although the November 28 document is entitled as a judgment nunc pro tunc,
because it was signed while the trial court retained plenary power over its judgment, it is actually a
modified judgment, which serves as a new judgment replacing the older one, and thus all appellate
timetables are calculated from the date of its signing. See Tex. R. Civ. P. 329b(d); Mathes v. Kelton,
569 S.W.2d 876, 878 (Tex. 1978); In re R.W., No. 06-06-00106-CV, 2006 Tex. App. LEXIS 10084
(Tex. App.--Texarkana Nov. 22, 2006, no pet.); Hopper v. Cade, No. 2-14-292-CV, 2005 Tex. App.
LEXIS 7816 (Tex. App.--Fort Worth Sept. 22, 2005, no pet.); Ferguson v. Naylor, 860 S.W.2d 123,
126 (Tex. App.--Amarillo 1993, writ denied).

 In order to perfect an appeal to this Court from the November 28 judgment, the appellants
were required to file a notice of appeal within ninety days of that date, on or before February 26,
2008. See Tex. R. App. P. 26.1. The rule also provides a fifteen-day grace period, which would have
expired March 12. The notices of appeal of the two appellants were filed on March 28 and
March 31, respectively. They were untimely, and neither could serve to invoke the jurisdiction of
this Court. (2)

 Appellants also state there is yet another judgment nunc pro tunc signed December 28, 2007
(a date within the plenary power period of the trial court) and they have attached a copy of that
purported judgment to their response to the appellee's motion to dismiss. That document was file-stamped on the same day and minute as the judgment found in the official records of the court. 

 If this were a valid judgment, it would serve to bring the appellate timetable forward and
make the appeal timely--but only if there were a pleading such as a motion for new trial filed which
would serve to extend the appellate timetable from thirty to ninety days. 

 The motion for new trial filed December 13 was directed explicitly at the November 28
judgment nunc pro tunc. While a motion for new trial generally operates to extend the timetable for
filing a notice of appeal from the judgment that it assails, a motion for new trial or reconsideration
that has been granted cannot assail a subsequent judgment and therefore cannot extend the timetable
for filing a notice of appeal from the subsequent judgment. Tex. R. App. P. 26.1, 27.2; Tex. R. Civ.
P. 306c. Wilkins v. Methodist Health Care Sys., 160 S.W.3d 559 (Tex. 2005). The rule provides that
"No motion for new trial . . . shall be held ineffective because prematurely filed; but every such
motion shall be deemed to have been filed on the date of but subsequent to the time of signing of the
judgment the motion assails . . . ."

 This motion for new trial does not assail the judgment of December 28. Therefore, even
assuming that it was a valid new modified judgment, the appellate timetable would not be extended
from thirty to ninety days from the indicated date of signing of the purported December 28 judgment,
and if we treat the notices of appeal as applying to a judgment on that date, they are not timely. (3)

 Therefore, even if the purported December 28 (modified or nunc pro tunc) judgment were
part of the official records of the court, the appellate timetables were not extended by the prior filing
of a motion for new trial directed at the preceding judgment. 

 Under either scenario, we have no jurisdiction over this appeal. There being no timely notice
of appeal from the original judgment, or the modified judgment of November 28, or from the
purported additional modified judgment of December 28, we dismiss this appeal for want of
jurisdiction.




 Jack Carter

 Justice


Date Submitted: July 17, 2008

Date Decided: July 18, 2008


1. The notices of appeal state the judgment was signed October 31, 2007; that was the date the
judgment was filed by the district clerk. The critical date for purposes of determining our
jurisdiction is the date of signing of the judgment--which was October 29, 2007.
2. Coy Lynn Owens also filed a motion to extend time to file notice of appeal, but it is likewise
dated well after the expiration of the fifteen-day grace period. 
3. See Reitmeyer v. Clawson, 634 S.W.2d 379 (Tex. App.--Austin 1982, no writ); Poulter v.
Poulter, 565 S.W.2d 107 (Tex. Civ. App.--Tyler 1978, no writ); Bryan v. Gen. Elec. Credit Corp.,
553 S.W.2d 415 (Tex. Civ. App.--Houston [1st Dist.] 1977, no writ); Home Fund, Inc. v. Denton
Fed. Sav. & Loan Ass'n, 485 S.W.2d 845 (Tex. Civ. App.--Fort Worth 1972, no writ).


> The evidence adduced at trial has been previously summarized and, for the sake of avoiding
redundancy, is not reiterated. The occurrences of the night of the wreck as described above led to
Trooper Sutton causing a sample of Johnson's blood to be taken from him while Johnson was at the
hospital.

 Generally, a person's blood may not be drawn without his consent. Such a procedure
constitutes a "search and seizure" for purposes of the Fourth Amendment, which typically requires
the State to have probable cause before the fruits of such a search may be admissible in a trial against
an accused. Schmerber v. California, 384 U.S. 757, 767 (1966). However, consent is an exception
to the Fourth Amendment's warrant requirement. Schneckloth v. Bustamonte, 412 U.S. 218, 219
(1973); Montanez v. State, 195 S.W.3d 101, 105 (Tex. Crim. App. 2006); Cisneros v. State, 165
S.W.3d 853, 856 (Tex. App.--Texarkana 2005, no pet.). 

 Our law provides,

 (b) A peace officer shall require the taking of a specimen of the person's
breath or blood if:

 (1) the officer arrests the person for an offense under Chapter 49,
Penal Code, involving the operation of a motor vehicle or a watercraft;

 (2) the person was the operator of a motor vehicle or a watercraft
involved in an accident that the officer reasonably believes occurred as a
result of the offense;

 (3) at the time of the arrest the officer reasonably believes that as
a direct result of the accident:

 (A) any individual has died or will die; or

 (B) an individual other than the person has suffered
serious bodily injury; and

 (4) the person refuses the officer's request to submit to the taking
of a specimen voluntarily. 


Tex. Transp. Code Ann. § 724.012(b) (Vernon Supp. 2008). This provision is a companion statute
to Section 724.011 of the Texas Transportation Code, which has been characterized as our "implied
consent statute." This implied-consent doctrine embodied by Section 724.011 means that each
person who willfully operates a motor vehicle on the highways and byways of this state impliedly
consents to provide a specimen of his breath or blood if an officer reasonably believes that driver has
caused death or serious bodily injury to another as a result of operating a motor vehicle while
intoxicated. See generally State v. Neesley, 239 S.W.3d 780, 784 (Tex. Crim. App. 2007)
(discussing Tex. Transp. Code Ann. § 724.011 (Vernon 1999), § 724.012); Beeman v. State, 86
S.W.3d 613, 615-16 (Tex. Crim. App. 2002) (discussing how implied-consent statute "gives officers
an additional weapon in their investigative arsenal, enabling them to draw blood in certain limited
circumstances even without a search warrant").

 Trooper Sutton testified that he had arrested the appellant for DWI, that his investigation led
him to reasonably believe Kutch had sustained serious bodily injury as a result of the accident at
issue, and that the appellant had refused to provide a blood sample. Thus, the trial court could have
reasonably determined that the trooper's testimony satisfied the requirements of Section 724.012(b)
and that a warrant was not required before the appellant's blood could be drawn without his express
consent. As this justification would support the trial court's denial of the suppression motion (where
the trial court did not explicitly state the basis of its ruling), and as the sufficiency of the search
warrant's affidavit would become moot, we will not say the trial court abused its discretion by
overruling Johnson's suppression motion. Cf. Dunn, 176 S.W.3d at 883; and see Oles v. State, 993
S.W.2d 103, 106 (Tex. Crim. App. 1999).

II. Factually and Legally Sufficient Evidence Supports the Deadly Weapon Finding

 In his second and third issues, Johnson contends the evidence is factually and legally
insufficient to support an affirmative finding that Johnson used or exhibited a deadly weapon during
the commission of the underlying intoxication assault. The State disagrees. Again, we agree with
the State.

 When reviewing the legal sufficiency of the evidence to support any particular evidentiary
finding, we must view the evidence in the light most favorable to the verdict and determine whether
any rational trier of fact could have made the finding beyond a reasonable doubt. Drichas v. State,
175 S.W.3d 795, 798 (Tex. Crim. App. 2005); Cates v. State, 102 S.W.3d 735, 738 (Tex. Crim. App.
2003) (citing Jackson v. Virginia, 443 U.S. 307, 318-19 (1979)). The jury's deadly weapon finding
against Johnson can survive a legal sufficiency challenge only if there is legally sufficient evidence
to support findings that (1) a vehicle can meet the statutory definition of a deadly weapon,
(2) Johnson used or exhibited a vehicle during the alleged offense, and (3) Johnson's operation or
use of that vehicle put some person in actual danger. See Drichas, 175 S.W.3d at 798; Mathonican
v. State, 194 S.W.3d 59, 67-68 (Tex. App.--Texarkana 2006, no pet.).

 When reviewing a case in which a point of appeal questions the factual sufficiency of the
evidence upon which a conviction was based, 

 it is not enough that the appellate court harbor a subjective level of reasonable doubt
to overturn a conviction that is founded on legally sufficient evidence. An appellate
court judge cannot conclude that a conviction is "clearly wrong" or "manifestly
unjust" simply because, on the quantum of evidence admitted, he would have voted
to acquit had he been on the jury. Nor can an appellate court judge declare that a
conflict in the evidence justifies a new trial simply because he disagrees with the
jury's resolution of that conflict. . . . [A]n appellate court must first be able to say,
with some objective basis in the record, that the great weight and preponderance of
the (albeit legally sufficient) evidence contradicts the jury's verdict before it is
justified in exercising its appellate fact jurisdiction to order a new trial. 


Watson v. State, 204 S.W.3d 404, 417 (Tex. Crim. App. 2006). 

 With that standard in mind, we take into account that, "Objects that are not usually
considered dangerous weapons may become so, depending on the manner in which they are used
during the commission of an offense." Mathonican, 194 S.W.3d at 69 (citing Thomas v. State, 821
S.W.2d 616, 620 (Tex. Crim. App. 1991)). "A motor vehicle may become a deadly weapon if the
manner of its use is capable of causing death or serious bodily injury." Id. (citing Ex parte
McKithan, 838 S.W.2d 560, 561 (Tex. Crim. App. 1992)). "Specific intent to use a motor vehicle
as a deadly weapon is not required." Drichas, 175 S.W.3d at 798 (citing McCain v. State, 22 S.W.3d
497, 503 (Tex. Crim. App. 2000)); see Walker v. State, 897 S.W.2d 812, 814 (Tex. Crim. App.
1995).

 Mitchell heard the driver of the truck squeal the truck's tires, heard the driver loudly race the
engine, heard gravel being slung, and saw the truck make an abrupt u-turn in the road. Trooper
Sutton testified that Schmidt had told him that the four had been joy-riding and drinking throughout
the night. Schmidt also placed the appellant behind the wheel of the truck at the time of the accident. 
There was no question that the evidence showed Kutch suffered serious bodily injury as a result of
being thrown from the truck during the accident. Thus, we conclude that a jury could have
concluded--beyond a reasonable doubt--that the manner of the appellant's use of the truck (the
reckless driving) was not only capable of causing serious bodily injury or death, but did cause
serious bodily injury to Kutch because the appellant's reckless driving did result in Kutch being
thrown from the truck and seriously injured. Cf. Roberts v. State, 766 S.W.2d 578, 579-80 (Tex.
App.--Austin 1989, no pet.) (pickup truck was deadly weapon where evidence showed reckless
driving not only could have caused, but did cause, death or serious bodily injury to other victims in
accident).

III. Johnson Failed To Challenge His Initial Arrest for Giving a False Report to a Peace
Officer


 In a final aside found only within the summary of the argument portion of his brief, Johnson's
appellate counsel raises the question of whether, at the time of Johnson's arrest for giving a false
report to a peace officer (1) (which formed the basis of Johnson's initial arrest and detention that
subsequently led to the field-sobriety testing which formed the basis of the intoxication assault
charge), the officer had probable cause to arrest Johnson for the alleged false report. Johnson's
appellate counsel concedes this issue was not first raised at trial, then proceeds to characterize this
as an "unassigned" error for us to review. Johnson's appellate counsel does not provide any further
record citation or discussion of this "unassigned" error within the body of the appellant's brief.

 Because Johnson did not raise this issue before the trial court, it has not been preserved for
our review. See Tex. R. App. P. 33.1(a)(1)(A).

III. Appellant Has Not Demonstrated Reversible Error

 The trial court did not err by denying Johnson's motion to suppress the blood-test results. 
Factually and legally sufficient evidence supports the trial court's affirmative finding that Johnson
used or exhibited a deadly weapon (a motor vehicle) during the commission of the underlying
intoxication assault. Johnson failed to preserve for appellate review any issue regarding the propriety
of his initial arrest for giving a false report to a peace officer. Accordingly, we overrule each of
Johnson's appellate issues and affirm the trial court's judgment. (2)


 



 Bailey C. Moseley

 Justice


Date Submitted: November 14, 2008

Date Decided: November 26, 2008


Do Not Publish
1. See Tex. Penal Code Ann. § 37.08(a)(1) (Vernon 2003) (person commits offense if he
makes false statement to peace officer and statement material to criminal investigation).
2. We note that the prayer of the appellant's brief asks that "the judgment and sentence of the
trial court should be reversed and an acquittal ordered, or in the alternative, the case should be
remanded and the Appellant granted a new trial." None of the appellant's issues on appeal would,
even if sustained, result in a finding that the evidence supporting the appellant's conviction was
legally insufficient. As such, the appellant's prayer for a judgment of acquittal is inappropriate.